## Catharine Shaw, William Swaney et al., v. E. Hanson Camp.

1. PROMISSORY NOTE—*Payable After the Death of the Maker.*—The following instrument—" After my death I promise to pay E. Hanson Camp, or order, seven hundred and fifty dollars, without interest," etc.— is in form a promissory note, and payable at a time certain, *i. e.*, immediately after the death of the maker.

2. SAME—*What is a Sufficient Delivery.*—The maker of a promissory note handed it to a brother of the payee with instructions to deliver it to him. The brother had in his hands other papers belonging to the payee and placed the note among them, the payee being then absent from the State. *Held*, a sufficient delivery.

3. SAME—*Acceptance—When Presumed.*—When a note is delivered without condition to a third person, to be delivered to the payee, his acceptance will be presumed.

**Claim in Probate.**—Appeal from the Circuit Court of Piatt County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

I. A. BUCKINGHAM, S. R. REED and LODGE & HICKS, attorneys for appellants.

NORMAN H. CAMP, attorney for appellee, contended that the time of payment is sufficiently certain. If payable at or within a certain time after a man's death, it is sufficient, because the event must occur, and a promise to pay " on demand, after my decease," signed by the promisor, is a good note, negotiable as any other, and binding on the promisor's estate at his death. So is a note payable " one day after date, or at my death; " and if the day of payment must come some time, it has been said the distance is immaterial. Daniel on Negotiable Instruments, Vol. I, Sec. 46, page 54.

The uncertainty as to the day when the note or bill is payable is not a defect, provided the same described in the paper must come sooner or later; such an uncertainty may exist without taking away the negotiable character of the paper. Nor is remoteness of time material. Thus a note or

bill payable at a certain time after death of a person, whether it be the maker, payee, or drawee, would be negotiable, for the person would be sure to die, and hence the payment is not conditional. Tiedemann on Com. Paper, 56, Sec. 25; 1 Parsons on Bills and Notes, 40; Coleman v. Cooke, Willes, 393; Cooke v. Colehan, 11 Strange 1217; Raffey, Admr., v. Greenwell, Exr., 10 A. & E. 222; Mortee, Admr., v. Edwards, 20 La. Ann. 236; Story on Bills and Notes (6th Ed.), Sec. 27, page 31; Com'r v. Thornton, Adm'x, 46 Ala. 587; 2 Amer. & Eng. Encl. of Law, 326–327.

It is not indispensable to the delivery of a promissory note that it shall pass into the personal possession of the payee. If delivery is made to another, for the payee, without condition, his acceptance of it may be presumed, and the delivery will be complete. In determining the question of delivery in any case, the intention of the parties with respect thereof is the controlling element. Gordon, Admr., v. Adams, 127 Ill. 223.

The delivery of a deed need not be made by the grantor himself, nor is it indispensable that it be made to the grantee. If made to any person for the grantee, and it is absolute and not conditional, his assent will be presumed. Thompson v. Candor, 60 Ill. 244; Bodley v. Higgins, 73 Ill. 375; Masterson v. Cheek, 23 Ill. 76; Walker v. Walker, 42 Ill. 311; Parsons on Bills and Notes, 49; Byles on Bills (6th Ed.), 235; Tiedemann on Com. Paper, Secs. 34 and 34a; Elliott v. Deason, 64 Ga. 63; Wiley v. Stewart, 23 Ill. App. 236.

Mr. Justice Wall delivered the opinion of the Court.

This was a claim filed in the County Court against the estate of Edward Swaney, deceased. It was removed by appeal to the Circuit Court, where, upon trial by jury, there was a finding for the claimant for $852.50, upon which judgment was duly entered after a motion for a new trial had been overruled.

The claim was based upon an instrument in writing signed by the deceased as follows:

" $750.                Bement, Ill., December 27, 1890.

After my death I promise to pay E. Hanson Camp or

order $750 without interest, at —— per cent per annum from date, value received," with a power of attorney to confess judgment in the ordinary form.

It was proved that the deceased handed this paper to Wm. M. Camp, the brother of the claimant, with instruction to give it to the claimant. He, William M., took it to the bank and placed it among some papers of the claimant which were in his keeping.

These papers of the claimant were kept in a large envelope in a safe deposit box to which William M. had the sole key. The deceased had no papers in that box.

This instrument was not actually delivered to the hands of the claimant until after the death of the maker and there is no proof that he knew that such a paper was in existence prior to such delivery to him.

At the time the instrument was so received by Wm. M. Camp, the claimant was in another State, and did not return until after the death of the maker. We are of opinion:

1st. The instrument was in form a promissory note. The only objection urged in this respect is that it is not payable at a time certain. It is conceded that if payable at the death of the maker, or a certain number of days thereafter, it would be sufficient—but that the phrase " after my death " is wholly indefinite as a time of payment. The death of the person who signed the paper was an event sure to occur. Hence, according to the authorities, a note payable then is good. It is no more indefinite in a legal sense to make a note due after the death of the signer or another person, than after a fixed day, e. g., July 1, 1900—and it would mature immediately upon the happening of the event.

2d. The note was well delivered. It was handed by the maker to a third person, with instruction to deliver to the payee.

This person happened to be a brother of the payee, and had in his hands other papers belonging to him for safe keeping during his absence. The note was placed with those papers for the payee.

It was so delivered without condition to the third person, and acceptance by the payee will be presumed.

The delivery was complete. Daniel on Negotiable Instruments, Vol. 1, Sec. 63; Thomson v. Candor, 60 Ill. 244; Gordon v. Adams, 127 Ill. 223; Am. & Eng. Ency., Vol. 8, p. 13–18.

3d. The instrument being in form a promissory note, imports a consideration.

Has the legal presumption in this respect been overcome by proof ? Very clearly not, as we think. Counsel for appellant say the transaction was merely a gift.

This position rests upon the testimony of a witness, to the effect that the deceased said to him he wanted to make some provision for appellee, and asked witness whether it could best be done by note or by will.

We are of opinion that this conversation, which was objected to, should have been excluded. The declaration of the maker of the note, out of the presence of the· payee, ought not to be offered in defense of the note. But if it were competent, and assuming that it referred to the matter now under investigation, it would not follow that there was no consideration for the proposed provision.

There may have been the most ample consideration. There is no reason why a man who is under pecuniary obligation to another, may not, if the other is satisfied, make by his will special provision for a discharge of the debt; nor is there any reason why he may not manifest the obligation by a written promise to pay at his death.

While this transaction may have been a mere gift, we are bound to say there is no proof to that effect, and the consideration imported by the form of the instrument is in no wise attacked by the proof.

In the view we thus take of the case, the claimant was entitled to judgment, and it is not necessary to consider the objections made to the instructions.

When there is no substantial conflict in the proof, and when the finding is clearly right on the merits, it should not be set aside because of error in the instructions. Judgment affirmed.