71  587
177s 280

## Jacob Miller et al., Ex'rs, v. Western College of Toledo.

1. PROMISSORY NOTES—*An Instrument Held to be a Valid Promissory Note.*—The following instrument is not testamentary in its character, but is a valid promissory note:

$7,000.                                    DOVER, ILL., Dec. 9, 1887.

In consideration of a desire to aid the cause of Christian education, and the privilege of sending one student four years free of tuition, I promise to pay to the order of the treasurer of Western College, of Toledo, Iowa, for the erection of the ladies' boarding hall of said college, on or before the first day of Dec., 1910, the sum of seven thousand dollars without interest. Provided, that in the event of my death before the maturity of this note, it shall become then due.

P. O. Dover, county, Bureau, State, Ill.

MARY BEATTY.

2. CONSIDERATION—*A Subscription to a School Held Binding.*—A note contained a promise to pay a certain sum to the treasurer of a college for the erection of the ladies' boarding hall of said college, and in consideration of a desire to aid the cause of Christian education. In a suit on the note, it was proved that the hall mentioned was built upon the faith of the promise contained in the note. *Held,* that the note was supported by a sufficient consideration.

3. GIFTS—*Title to Certain Funds Held Vested in Donee.*—In a suit on a note, the amount mentioned in the instrument set out below, and unpaid annuities accruing under its terms, were claimed as a set-off. *Held,* that the title to the said amount was effectually vested in the college mentioned in said instrument, and that only the unpaid annuities could be set off against the note.

The instrument was as follows :

### CERTIFICATE.

In consideration of the agreement on the part of Western College, of Toledo, Iowa, that it will keep up and maintain its college, and increase its facilities for a Christian education; and in further consideration of the payment to Mrs. Mary Beatty of one hundred eighty-seven and 50-100 dollars, each and every year of her natural life, the first payment to be made one year from the date hereof; the said Mrs. Mary Beatty has deposited with the said Western College, the sum of twenty-five hundred dollars, for the benefit of, and to become and be the property of said Western College, and to be used as the board of trustees or executive committee thereof may direct.

Witness my hand, this 6th day of August, 1889.
$187.50.　　　　　　　　　　　　　　　　L. H. BUFKIN, Treasurer. ·

**Claim in Probate.**—Appeal from the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

SCOTT & DAVIS and GEORGE S. SKINNER, attorneys for appellants,

It is well settled that the execution and delivery of one's own promissory note to another, without any valuable consideration, can not be made the subject of a gift or donation; it is merely a promise to make a gift and therefore can not be enforced, either in the lifetime of the promisor or against his estate after his death. We cite only a few of the many cases to this point. Pope v. Dodson, 58 Ill. 363; Blanchard v. Williamson, 70 Ill. 652; Williams v. Forbes, 114 Ill. 171; Richardson v. Richardson et al., 148 Ill. 572;

Arnold v. Franklin, 3 Ill. App. 141; Hamor v. Moore, 8 Ohio St. 239; Pearson v. Pearson, 7 Johns. (N. Y.) 26; Fink v. Cox, 18 Johns. (N. Y.) 148; Trustees, etc., v. Stewart, 1 N. Y. 582.

The provisions of the statute of wills of the State of Illinois can not be evaded by the making of a promissory note, intended as a testamentary bequest merely, and if a person makes a note or written contract, intending thereby to make a gift or donation to take effect after death, such note or contract is invalid. Olney, Adm'x, v. Howe, 89 Ill. 559; Graves v. Safford, 41 Ill. App. 659; Barnum v. Reed, 136 Ill. 388; Comer v. Comer, 120 Ill. 420; Cline et al. v. Jones et al., 111 Ill. 569; Williams v. Chamberlain, 165 Ill. 210; Forbes v. Williams, 15 Ill. App. 307; Nutt, Adm., v. Morse et al., 142 Mass. 1; Gammon Theo. Sem. v. Robbins, 128 Ind. 91; Harris v. Clark, 3 N. Y. (3 Com.) 121.

An instrument in any form, if the obvious purpose is not to take place till after the death of the maker, operates as a will. Robinson v. Brewster, 140 Ill. 649; Frew v. Clarke, 80 Pa. St. 178 and cases there cited; Habergham v. Vincent, 2 Ves. Jr. 230.

If the gift does not take effect as an executed and complete transfer to the donee of possession and title, either legal or equitable, during the lifetime of the donor, it is a testamentary disposition, good only if made and proved as a will. Basket v. Hassell, 107 U. S. 609; Williams v. Chamberlain, 165 Ill. 219; Warriner v. Rogers, 6 Moak's Eng. R. 781.

Or, if there is that which denotes an intention contrary to that appearing upon the face of the instrument, which shows that the donor did not intend it to operate at once, but that the same was to take effect at the death of the donor, then such an instrument would be a testamentary disposition and invalid, if not made in compliance with the statute of wills. Cline v. Jones, 111 Ill. 563.

A note made and delivered without consideration and intended as a gift or donation can be revoked at any time, and death revokes the promise, and no case can be found where such a promise to make a gift was ever enforced,

except upon the theory that by reason of making such promise the donor induced the donee to spend money and incur liability on the faith of such promise and that by reason thereof the donor must pay, because in good conscience and right he could not refuse after having induced others to incur liability on the faith of such promise; or in other words, such gifts are upheld on the ground of estoppel and not by reason of any good ground of consideration in the original undertaking. Pratt, Adm'x, v. Trustees, etc., 93 Ill. 475; Beach v. M. E. Church, 96 Ill. 180; Simpson Cent. College v. Tuttle, 71 Iowa, 596.

But where the note or instrument given is testamentary in its nature or intended at the time of the delivery of the same as a testamentary disposition and is void because a violation of the provisions of the statute of wills, then no act of the donee can make the same valid and binding, and even though money may have been expended and liability incurred on the faith of the giving of such an instrument, yet the same can not be enforced because, being a violation of the statute of wills and therefore void, no one would be permitted to say that they had expended money on the faith of a promise which they knew to be void and thereby recover on a contract which had no ground of consideration in the original undertaking but which if enforceable at all, must be by way of estoppel. Reimensnyder v. Gans, 110 Pa. St. 17.

The executors of the estate of Mary Beatty, deceased, are entitled as a matter of law to recover from the claimant the $6,700 deposited with it, because the written contracts set forth on the face of the three certificates of deposit do not show an absolute executed gift *inter vivos* of the money to claimant *in præsenti;* but if it was a proposed gift it was to vest in claimant in the future and upon compliance with the conditions set forth on the face of the certificates of deposit, and a failure on the part of the claimant to comply with all the conditions to the letter as required in the contract would make such proposed gift ineffectual. Conkling v. City of Springfield, 39 Ill. 98; Porter v. Raymond, 53 N. H. 519;

4 Kent's Com., Sec. 125; Nevius v. Gourley, 95 Ill. 206; 1 Jarman on Wills (2d Am. Ed.), Sec. 798 and foot notes; Wait's Act. and Def., Vol. 7, 434, Secs. 9–10; Taylor v. Bullen, 6 Cow. (N. Y.) 627; Basket v. Hassell, 107 U. S. 602; Schouler on Per. Prop., Vol. 2, Sec. 282; Gray v. Blanchard, 8 Pick. 292; People ex rel. v. Glann, 70 Ill. 232; Thornton on Gifts, Sec. 99–100; Rosenburg v. Rosenburg, 40 Hun, 91.

The contract on the part of appellee set forth on the face of the certificates of deposit, to pay the interest or annuity on the money so deposited on a day fixed in each year of the donor's life, was an executory contract and the payment of the moneys at the time fixed was a condition precedent to the vesting of the absolute title to the $6,700 in appellee. Wilson v. Roots, 119 Ill. 393; People ex rel. v. Glann, 70 Ill. 232; Porter v. Raymond, 53 N. H. 519; Jarman on Wills, Vol. 1 (2d Am. Ed.), Sec. 798; Moakley v. Riggs, 19 Johns. (N. Y.) 69; 3 Am. & Eng. Ency. Law, 423, Condition Precedent; Green v. Bennett, 23 Mich. 464; Schouler on Per. Prop., Vol. 2, Secs. 278 and 281.

If the right to the $6,700 deposited, by the terms of the three certificates of deposit depended on the performance of the conditions enjoined on appellee by Mary Beatty, and appellee violated the terms of the contract by a failure to pay her the money agreed to be paid on the day fixed, she then had the right at any time after such failure to revoke the contract, and death did revoke the contract, after such failure to comply by appellee, and her executors became entitled to a return of the moneys so deposited. Pratt, Adm'x, v. Trustees, etc., 93 Ill. 475.

The gift of the $6,700 evidenced by the three certificates of deposit did not vest the money in appellee *in præsenti*, for by annexing a condition to the proposed gift there could be no gift *in præsenti* and the donor could revoke it because the gift was not absolute and the death of Mary Beatty revoked it. Thornton on Gifts, Sec. 92; Rosenburg v. Rosenburg, 40 Hun, 91.

The fact that the $6,700 was paid over to appellee would

make no difference. Money paid over on an unperformed condition precedent can be recovered back in an appropriate action. Keller v. Oberreich, 67 Wis. 282; Schouler on Per. Prop., Sec. 125; Green v. Bennett, 23 Mich. 464.

If the payment of the annuity or interest contracted in writing to be paid to the donor on the days fixed for payment was a condition precedent to the vesting of the $6,700 in appellee, then appellee on failure to perform, forfeited its right to the money and such forfeiture is not waived by parol assent or silent acquiescence. Gray v. Blanchard, 1 Pick. 292.

To constitute a valid gift *inter vivos* it requires a full and unqualified and unconditional renunciation of title by the donor and the acquisition by the donee of an absolute and unconditional title accompanied by an actual delivery of the subject-matter of the gift. The donor must surrender all his title and interest without making any conditions by means of which he may resume possession and enjoy his former estate in the property; this as a legal proposition is well settled and if the gift is evidenced by a written instrument by means of which the donor could under any circumstance be entitled to the return of the money or its equivalent, then the gift is ineffectual. Rosenburg v. Rosenburg, 40 Hun, 91; Curry v. Powers, 70 N.Y. 212; Young v. Young, 80 N. Y. 430; Schouler on Per. Prop., Vol. 2, Sec. 81, 88, 131–134; Selleck v. Selleck, 107 Ill. 389; In re Wirt, 5 Dem. (N. Y. Sur. R.) 179; 8 Am. & Eng. Ency., 1313, 1314, Sec. 1–3; Telford v. Patton, 144 Ill. 627.

The rules of law require that the alleged gift be established by clear proof and that no uncertainty exist as to what was intended. The evidence of the gift here is reduced to writing and is contained in the certificates of deposit and they do not make it clear as required under the law that the donor intended to vest the title of the $6,700 in appellee as a gift *in præsenti*, whether appellee performed the conditions enjoined or not. The certificates are the only evidence of such fact and they do not make it clear as they should. Barnum v. Reed, 136 Ill. 388.

The three certificates of deposit evidencing the delivery of the $6,700 do not recite that the donor made a gift of the money to appellee but they do recite that the donor had deposited the money with appellee. The term deposit in its legal significance can not be construed to mean a gift. The chief meaning of the word is that the money is committed to the custody and care of another for safe keeping for further action. Anderson's Dictionary of Law, 343; Schouler on Per. Prop., Vol. 2, Sec. 134; Scammon v. Kimball, 92 U. S. 369; Marine Bank of Chicago v. Fulton Bank, 2 Wall. 256.

RICHARD M. SKINNER, attorney for appellee.

Where the payment is made to depend upon an event which is certain to arrive, and uncertain only in regard to the time when it will take place, the note or contract is valid. Edwards on Bills and Promissory Notes, Sec. 142; Cooke v. Colehan, Willes 396; 2 Stra. 1217.

The fact that the payment is suspended for an indefinite time does not affect the validity of the instrument, provided only it is certain to become due. Edwards on Bills and Promissory Notes, Sec. 142.

Notes and contracts may be made payable on any event, however remote, which must inevitably happen some time or other; thus, they may be payable on the death of a certain person. Roffey v. Greenwell, 2 Perry & D. 365; 11 Ad. & E. 222; or "on demand after my decease;" Bristol v. Warner, 19 Conn. 7; or "one day after date or at my death;" Conn v. Thornton, 46 Ala. 587; 1 Randolph on Commercial Paper, Sec. 113.

Every contributor to the funds of a corporation authorized to receive moneys and apply them to a public improvement has his recompense in his share of the public good resulting therefrom; and if by means of his contribution, or his solemn promise to pay, the body to whom he has pledged his word should encounter expense, become under legal obligations, or otherwise pursue the intent and purpose of the legislature in granting them the charter, this is a sufficient

legal consideration to support such a promise; in this respect the principles of common honesty can not be at variance with the law of the land.   Amherst Academy v. Cowls, 6 Pick. 427.

Where a woman agreed to give $2,500 for the purpose of discharging a $15,000 mortgage on a church, on condition the church would raise the balance by voluntary subscriptions, and the church promised to make the effort and performed the condition, then her promise became obligatory, and the note which she gave in fulfillment thereof was based upon a sufficient consideration.   Roberts v. Cobb, 103 N. Y. 600.

The endowment of a college is a good consideration for a note.   Johnston v. Wabash College, 2 Ind. 555.

The accomplishment of the object for which money is subscribed to an educational institution is sufficient to support a note.   Roche v. Roanoke Classical Seminary, 56 Ind. 198.

A subscription note is binding.   Parsonage Fund Trustees in Fryeburg v. Ripley, 6 Me. 442.

A note executed to an educational institution as a gift is not without consideration, if upon the strength of it the institution has assumed responsibilities and incurred liabilities.   Simpson Centenary College v. Bryan, 50 Iowa, 293.

It has been repeatedly decided that where one promises a subscription for the support or erection of a church, school, or other religious, educational or charitable institution, and money is advanced by another on the faith of such promise or subscription, an action may be maintained to recover the amount so promised or subscribed.   Vierling v. Horton, 27 Ill. App. 263.

When a person makes a promise to pay money, to carry on some lawful project, and money is advanced, materials furnished or labor done on the strength of its payment, an action will lie to recover the amount promised.   Pryor et al. v. Cain, 25 Ill. 292.

Where a corporation, in existence or in contemplation, expends money upon the strength of subscriptions made in

its aid, the subscribers will be liable to an action. Griswold v. Trustees of Peoria University, 26 Ill. 41.

A subscription contract promising aid to some projected enterprise not unlawful, is binding on the promisor, even though he do not derive or expect to derive any benefit therefrom. The doing of work, or the expending of money, or the incurring of liability, on the faith of such subscription, is a sufficient acceptance and consideration. 1 Parsons on Contracts, 452; Cottage St. M. E. Church v. Kendall, 121 Mass. 528; Thompson v. Supervisors, 40 Ill. 379; Hudson v. Green Hill Seminary, 113 Ill. 618; McClure v. Wilson, 43 Ill. 356; Trustees v. Garvey, 53 Ill. 401; Pratt, Adm'x, v. Trustees, 93 Ill. 475; Trustees Baptist Education Society v. Carter, 72 Ill. 247.

The real consideration on which the plaintiff is entitled to recover upon a subscription is, that it has expended money, furnished materials or labor, or incurred liabilities therefor, on the faith of the undertaking of the subscriber. Any special benefit to the promisor is not necessary as a consideration. Richelieu Hotel Co. v. International Mil. Encampment Co., 140 Ill. 248.

After the acceptance of the subscription, and the expenditure of considerable sums and incurring of liabilities and obligations on the faith of the same it will be too late to withdraw or revoke it. 2 Morawetz on Corporations, Secs. 655–689; Thompson v. Supervisors, 40 Ill. 379; Richelieu Hotel Co. v. International Mil. Encampment Co., 140 Ill. 248.

If a day be appointed for the payment of money, and the day is to happen, or may happen before the thing which is the consideration of the money is to be performed, an action may be brought for the money before performance, for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent. Sheeren v. Moses et al., 84 Ill. 448.

Where an act on which an estate or right depends does not necessarily precede the vesting of the estate or right, but may accompany or follow it, the condition is a condition subsequent, not a conditional limitation. City of Chicago v. Chicago & W. I. R. R. Co., 105 Ill. 73.

A court of equity, as a rule, will never lend its aid to divest an estate for a breach of a condition subsequent, but where a compensation can be made in money, it will relieve against such forfeiture, and compel the party to receive a reasonable compensation in money. Gallaher v. Herbert, 117 Ill. 160; 4 Kent's Com. 130; 2 Story's Eq. Jur., Secs. 13–15 *et seq.* For rule for computing such compensation see Gallaher v. Herbert, 117 Ill. 160.

. An estate is vested, when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment. It gives a legal or equitable seizin. Scofield et al. v. Olcott et al., 120 Ill. 362.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

On the 9th day of December, 1887, Mary Beatty, then residing at Dover, Ill., executed and delivered to the appellee the following instrument :

$7,000.00.         ·         DOVER, ILL., December 9, 1887.

In consideration of a desire to aid the cause of Christian education, and the privilege of sending one student four years free of tuition, I promise to pay to the order of the treasurer of Western College, of Toledo, Iowa, for the erection of the Ladies' Boarding Hall of said college, on or before the first day of December, 1910, the sum of seven thousand dollars, without interest. Provided, that in the event of my death before the maturity of this note, it shall become then due.

P. O., Dover; county, Bureau; State, Illinois.

MARY BEATTY.

Witness, H. H. MAYNARD, W. M. BEARDSHEAR.

On the 7th day of December, 1893, Mary Beatty died leaving a will, and on January 5, 1894, letters testamentary issued to the appellants. The above instrument was filed in the County Court for probate against the estate of the testatrix, and from there removed by appeal to the Circuit Court, which gave judgment against appellants for $6,361, and from that judgment appellants prosecute their appeal to this court, and seek to reverse the same on three principal

grounds : First, the instrument, as is insisted by them, upon which the claim is based, is testamentary in its character, and therefore void. Second, it is not supported by a sufficient consideration; and lastly, if the instrument is valid, the defense of set-off, interposed on the trial, should have prevailed.

If it shall be determined the instrument above quoted contains the elements of a promissory note, it can not then be justly said to be of a testamentary nature. In Dorsey v. Wolff, 142 Ill. 593, citing numerous authorities, it was said : " Various definitions have been given of a promissory note. In general terms, it may be defined to be a written promise of one person to pay to another person therein named, or order, a fixed sum of money at all events, and at a time specified therein, or at a time which must certainly arrive."

The instrument here presented is payable on the 1st day of December, 1910, with proviso that in the event of the death of the maker before the maturity of the note, it shall then become due. Both events on the happening of which the note was to become due must certainly arrive. In Shaw et al. v. Camp, 61 Ill. App. 62, the note involved was, in this respect, much like the one before us. The Appellate Court of the Third District held it a valid note. It has several times been decided by the Supreme Court, that a deed delivered, and not to take effect until after the death of the grantor, was a valid deed. (Harshbarger v. Carroll, 163 Ill. 636, and cases cited.) No reason can be perceived why the instrument here does not fall strictly within the principles of the decisions to which reference has been made, and it follows, therefore, it is not of a testamentary nature.

It is alleged by counsel for appellants, as a second reason against the validity of the note, that it is not supported by a sufficient consideration. From the evidence it can scarcely be doubted, after the note was delivered, and upon the faith of its promise, the ladies' boarding hall mentioned in the contract was built by appellee, and named, in honor of the donor, the Mary Beatty Hall. In Richelieu Hotel Co. v.

International Mil. Encampment Co., 140 Ill. 248, citing Hudson v. Green Hill Seminary, 113 Ill. 618, it was said : "The real consideration upon which the plaintiff is entitled to recover in said case, is, that it has expended money, furnished materials, or bestowed labor, upon the faith of the promise in writing, and not any special benefit derived, or expected to be derived by the promisor from the corporation." Applying this doctrine to the facts before us, it is clearly to be seen the note is well supported by a sufficient consideration.

It now remains to be determined if appellants' defense of set-off should have prevailed to a greater extent than it did. It appears from the evidence after the deceased had executed and delivered the note, she was induced by persons representing the appellee, to advance to the appellee certain sums of money, from time to time, which were evidenced by three separate certificates, one for $3,500, dated November 16, 1888; one for $700, dated April 4, 1889, and one for $2,500, dated August 6, 1889, and delivered to and accepted by the deceased, and with indorsements thereon. Said certificates with indorsements are as follows :

### CERTIFICATE.

In consideration of the agreement on the part of Western College of Toledo, Iowa, that it will keep up and maintain its college and increase its facilities for a Christian education; and in further consideration of the payment to Mrs. Mary Beatty of one hundred eighty-seven and 50-100 dollars each and every year of her natural life, the first payment to be made one year from the date hereof, the said Mrs. Mary Beatty has deposited with the said Western College the sum of twenty-five hundred dollars, for the benefit of, and to become and be the property of said Western College, and to be used as the board of trustees, or executive committee thereof may direct.

Witness my hand this 6th day of August, 1889.

$187.50.            L. H. BUFKIN, Treasurer.

And on the back thereof appears the following, to wit:

" We hereby guarantee the payment of the within annuity.
L. H. Bufkin, M. S. Drury.

Aug. 6, 1890, paid one year's annuity.

Oct. 9, 1891, "      "       "         "      "

### CERTIFICATE.

In consideration of the agreement on the part of Western
College of Toledo, Iowa, that it will keep up and maintain
its college, and increase its facilities for a Christian educa-
tion; and in further consideration of the payment to Mrs.
Mary Beatty of fifty-two and 50-100 dollars each and every
year of her natural life, the first payment to be made one
year from the date hereof; the said Mrs. Mary Beatty has
deposited with the said Western College the sum of seven
hundred dollars, for the benefit of, and to become and be
the property of said Western College, and to be used as the
board of trustees or executive committee thereof may direct.

Witness my hand this 4th day of April, 1889.

$52.50.                    L. H. BUFKIN, Treasurer.

And on the back thereof appears as follows:

" We guarantee the payment of the within annuity.    L.
H. Bufkin, M. S. Drury.

April 4, 1890, paid within year's annuity.

April 4, 1891, paid on the within year's annuity.    Mary
Beatty.

April 15, 1892, paid one year's annuity."

### CERTIFICATE.

In consideration of the agreement on the part of Western
College of Toledo, Iowa, that it will keep up and maintain
its college and increase its facilities for a Christian educa-
tion; and in further consideration of the payment to Mrs.
Mary Beatty of two hundred sixty-two and 50-100 dollars
each and every year of her natural life, the first payment
to be made one year from the date hereof; the said Mrs.
Mary Beatty has deposited with the said Western College
the sum of thirty-five hundred dollars, for the benefit of,
and to become and be the property of said Western College,
and to be used as the board of trustees or executive com-
mittee thereof may direct.

Witness my hand this 16th day of November, 1888.
$3,500.            L. H. BUFKIN, Treasurer.

And on the back thereof appears the following, to wit:

"We hereby guarantee the payment of the annuity to Mrs. Mary Beatty according to the terms of the within certificate. L. H. Bufkin, M. S. Drury, W. M. Beardshear.

Received on the within $262.50, December 5, 1889. Mary Beatty.

Received on the within $262.50, December 5, 1890. Mary Beatty.

Paid on the within $262.50, by note dated November 16, 1891."

Counsel for appellants contend the $6,700 represented by these certificates is an unexecuted gift by the deceased to the appellee, the title thereto remaining in the donor at the time of her death, and especially so, for the additional reason that default had been made in the payment of the interest or annuities accruing thereon, and therefore the executors were entitled to set off the principal as well as the unpaid interest, or annuities. We can not perceive any force to this contention. The certificates expressly provide the money represented by them respectively, is for the benefit and to be the property of the appellee, and to be used as the board of trustees or executive committee might direct. The deceased accepted the certificates and thereby bound herself by the terms thereof, and is given by them only a right of action against the appellee for the annuities, in case of non-payment. The title to the money is effectually vested in the college, and to be used by it, thereby placing it beyond her power to reclaim. The numerous authorities cited by appellants' counsel have no application to the question as we understand it.

After the allowance of interest to the appellee on the $7,000 note from December 7, 1893, the time it fell due, it will be found appellants have received credit for all unpaid annuities, including the note and interest that was given for arrears, and therefore the amount of the judgment is not excessive.

Complaint is further made by counsel for appellants of the instructions to the jury by the trial court, and of instructions refused. We have examined the instructions, given and refused, of which complaint is made, and find the action of the court in those respects is in harmony with our own views of the same question. Finding no error in the record and proceedings of the Circuit Court, its judgment will be affirmed.

DIBELL, J., took no part.