SAMUEL HARSHBARGER, Sr.

*v.*

WILLIAM E. CARROLL *et al.*

*Filed at Springfield November 23, 1896.*

1. EVIDENCE—*presumption that deed in grantee's possession has been delivered.* Where a duly executed deed is found in the grantee's possession it is presumed to have been delivered by the grantor, and testimony to rebut such presumption must be clear.

2. SAME—*presumption as to delivery where deed is recorded.* Where a deed has been recorded the presumption arises that it has been delivered, and a grantor denying delivery has the burden of proof.

3. DEEDS—*when deed is not void as conflicting with the Statute of Wills.* By delivery to a grantee of a deed containing a provision that it "is to take effect only at the death of the grantor," the title to the fee passes to the grantee, reserving to the grantor a life estate, and in such case the deed is not void as a testamentary devise.

APPEAL from the Circuit Court of Douglas county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

On the 17th day of March, 1871, appellant, Samuel Harshbarger, made and executed a warranty deed purporting to convey one hundred and sixty acres of land to his daughter Sylvia "and her heirs, only to take effect at the death of the grantor." Sylvia afterwards intermarried with David Cade. In 1879 she died, leaving a daughter, Della Cade, her only heir. David Cade died in 1893. The daughter, in 1894, executed and delivered to William E. Carroll a warranty deed purporting to convey the land deeded to her mother. Samuel Harshbarger, the complainant, files this bill in the circuit court of Douglas county to remove the two conveyances from the records of the county as clouds upon his title, alleging the making of the deed to his daughter Sylvia, but averring that it was never delivered to her; that the deed was made to her with the understanding that she was to take care of him in his old age, but that she failed to do so. It is further averred that some person (whom he be-

lieves to have been David Cade) fraudulently abstracted
the deed from among his papers, made certain changes
therein and caused it to be recorded without his knowl-
edge or consent, and that he knew nothing of the record-
ing of the deed until about sixty days before the filing of
the bill in this cause. William E. Carroll and wife and
Della Cade are made parties defendant. Upon the hear-
ing the bill was dismissed for want of equity, and com-
plainant now prosecutes this appeal.

JOHN J. REA, and THOMAS W. ROBERTS, for appellant:

The deed, being testamentary in its nature, is void.
It is an attempt to make a testamentary disposition of
property without complying with the Statute of Wills.
*Wilson* v. *Wilson*, 158 Ill. 567; *Bovee* v. *Hinde*, 135 id. 137;
*Cline* v. *Jones*, 111 id. 563; *Walker* v. *Jones*, 23 Ala. 448; *Hall*
v. *Bragg*, 28 Ga. 330; *Symmes* v. *Arnold*, 10 id. 506; *Hawkes* v.
*Pike*, 105 Mass. 560; *Carey* v. *Dennis*, 13 Md. 1; *Baldwin* v.
*Maultsby*, 26 N. C. 505; *Cary* v. *Rawlins*, 8 Ga. 450; *Kinnebrew*
v. *Kinnebrew*, 35 Ala. 628; *Gage* v. *Gage*, 12 N. H.371.

A deed for an interest in land must take effect upon
its execution and delivery, or not at all. *Wilson* v. *Wilson*,
158 Ill. 567; *Cline* v. *Jones*, 111 id. 563; *Bovee* v. *Hinde*, 135
id. 137; *Stinson* v. *Anderson*, 96 id. 373; *Roth* v. *Michalis*, 125
id. 325.

In construing deeds courts must seek to ascertain and
give effect to the intention of the parties, and for that
purpose they will take notice of attendant circumstances.
*Kuecken* v. *Voltz*, 110 Ill. 264; *Hadden* v. *Shoutz*, 15 id. 581; *Rail-
road Co.* v. *Koelle*, 104 id. 455; *Piper* v. *Connelly*, 108 id. 646.

The burden of proof rests upon the grantee to show
not only the execution of the deed, but the delivery also.
*Oliver* v. *Oliver*, 149 Ill. 542; *Weber* v. *Christen*, 121 id. 91;
*Price* v. *Hudson*, 125 id. 284.

Proof that the deed was recorded, without proof that
the recording was done with knowledge and consent of
the grantor, is no proof of delivery. *Herbert* v. *Herbert*,

Breese, 354; *Wiggins* v. *Lusk,* 12 Ill. 132; *Insurance Co.* v. *Campbell,* 95 id. 267; *Thompson* v. *Dearborn,* 107 id. 87.

If the delivery of a deed is conditional, it must appear that the condition has been performed. *Price* v. *Hudson,* 125 Ill. 284; *Skinner* v. *Baker,* 79 id. 496; *Stone* v. *Duvall,* 77 id. 475; *Hoig* v. *Adrian College,* 83 id. 267.

ECKHART & MOORE, for appellees:

A conveyance of real estate, not to take effect or be recorded until the death of a grantor, is good and valid without the creation of an intermediate estate to support it, livery of seizin having been abolished, and such a deed cannot be held to be an instrument in the nature of or intended for a testamentary disposition of property. *Shackelton* v. *Sebree,* 86 Ill. 616; *Vinson* v. *Vinson,* 4 Ill. App. 138; *Calef* v. *Parsons,* 48 id. 257; *Golding* v. *Golding,* 24 Ala. 122; *Elmore* v. *Mustin,* 28 id. 309; *Gillham Sisters* v. *Mustin,* 42 id. 365; *Bryan* v. *Bradley,* 16 Conn. 474; *Wall* v. *Wall,* 30 Miss. 91; *Cummings* v. *Cummings,* 3 Ga. 468.

The recording of a deed is *prima facie* evidence of its delivery. *Himes* v. *Keighblingher,* 14 Ill. 471.

It will be presumed that deeds duly acknowledged and recorded have been delivered to and accepted by the vendee, and whoever questions such fact must assume the burden of proving it. *Warren* v. *President,* 15 Ill. 236.

It is not incumbent on a grantee who is in possession of a deed to show affirmatively a delivery. *Reed* v. *Douthit,* 62 Ill. 350.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The several grounds of error urged by appellant may be properly considered under two heads, viz.: First, the court below erred in finding that there was a delivery of the deed by appellant to his daughter; and second, in not finding that the deed was testamentary in its character, and void, as being in conflict with the Statute of Wills.

It appears that the grantor, at the time of making this deed, conveyed lands to several of his children, deliver-

ing their deeds, which were recorded soon thereafter. Sylvia was his only daughter yet unmarried, and resided with him. Her deed was placed on record by some one in 1872, before her marriage. The evidence regarding the delivery of the deed is somewhat vague and admitted to be conflicting, yet we think the more reasonable testimony sufficiently shows the deed to have been in the possession of the daughter (the grantee) and her husband, David Cade. Where a deed duly executed is found in the hands of the grantee there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. (*Tunison* v. *Chamblin,* 88 Ill. 378.) The deed here had been recorded, and that also raises the presumption that it had been delivered. *Himes* v. *Keighblingher,* 14 Ill. 469; *Warren* v. *Town of Jacksonville,* 15 id. 236.

The theory of appellant that the deed had been abstracted from his papers and placed on record by David Cade is not supported by the evidence, as it clearly appears that it was recorded before he came into appellant's family, and even before he had met and become acquainted with the daughter, Sylvia. Under these facts the burthen was cast upon appellant to clearly show that the deed was not delivered. The evidence tends to show that he knew it had been recorded. The file-mark of the recorder showing that fact was upon it, and since the death of the grantee it has been in his possession. His brother testifies positively to a conversation with him, in which he told him it was recorded. It is clear that he treated the land as that of his daughter, speaking of it as hers to his neighbors and friends on many occasions. Taking these facts into consideration, and also that the land had been assessed in the name of the daughter and the taxes paid by complainant, we think the chancellor was fully justified in finding the deed had been delivered.

But it is contended that, no matter whether it was delivered or not, the daughter acquired no right or interest

in the land conveyed, because it is absolutely void upon its face, being in conflict with the Statute of Wills. The language of the deed is: "This indenture, made this 17th day of March, in the year of our Lord one thousand eight hundred and seventy-one, between Samuel Harshbarger, Sr., party of the first part, and Sylvia Harshbarger and her heirs, (only to take effect at the death of the grantor,) party of the second part, witnesseth, that," etc. Then follow the formal parts of the old form warranty deed. Appellant's counsel insist that it thus appears that the grantor intended a conditional testamentary devise, and undertook to make a deed fill the office of a will. We do not think so. The cases cited by counsel supporting their view are not in point, as here the deed was delivered to the grantee.

This case is similar, in fact and principle, to that of *Shackelton* v. *Sebree*, 86 Ill. 616. In that case the language of the deed was, "this deed not to take effect until after my decease,—not to be recorded until after my decease." The deed was properly executed and delivered. There, as here, the contention was urged that the deed was in the nature of a testamentary paper, and as such was not so executed and authenticated as to become operative and valid. In disposing of that contention it was said (p. 619): "Was this deed void, or did it operate to convey the fee at the death of the grantor? Had he conveyed a life estate to another, or had he conveyed to another to hold in trust for him during his life, then it would have been free from all doubt. Or had he, in the same instrument, reserved a life estate to himself, we apprehend that it will be conceded that the title would have passed to the grantee. * *. * And had he expressly reserved in this deed a life estate he would have held in the same manner. If, then, in either of these cases the grantor could thus hold the title necessary to support a remainder, why not when, by operation of law and construction of the deed, he holds a life estate in legal effect the same?

We are unable to perceive any reason in law or in fact." And further: "Here the remainder-man was in being, named as grantee, and no reason is seen, since livery of seizin has been abolished, why the fee in remainder did not vest on the delivery of the deed, which has been adopted as a substitute for livery."

By the act of delivery the title to the fee in the lands in controversy vested in Sylvia Harshbarger, reserving a life estate in the grantor. The decree of the court below is in conformity with the facts and law of the case, and will be affirmed.

*Decree affirmed.*