(April 30, 1923.)

## NELLIE HIDDLESON, Appellant, v. WILLIAM CAHOON, Respondent.

[214 Pac. 1042.]

QUIETING TITLE—DEEDS—DELIVERY—PRESUMPTION OF—RECORD—GOOD
FAITH—EVIDENCE.

In an action between one holding a subsequent deed which was first recorded against the holder of a prior deed, the holder of the prior deed will prevail unless the holder of the subsequent deed not only shows the making and recording of his deed, but also that it was in good faith and for a valuable consideration.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to quiet title. Judgment for defendant. *Affirmed.*

P. E. Cavaney, for Appellant.

There is no presumption of the delivery of deed where it is not recorded until after its date. (*Bouvier-Iaeger Coal Co. v. Sypher,* 186 Fed. 644; affirmed, 191 Fed. 1006, 111 C. C. A. 673; *Equitable Mfg. Co. v. Brown,* 105 Ga. 474, 30 S. E. 687; *Hill v. McNicol,* 80 Me. 209, 13 Atl. 883; *Walsh v. M. Ins. Co.,* 54 Vt. 351; *Knolls v. Barnhart,* 71 N. C. 474; *Morrison v. Wilson,* 13 Cal. 494; *Sampson v. Thornton,* 3 Met. (Mass.) 375, 37 Am. Dec. 135.)

Where it appears from the record that the deeds did not reach the grantees until after the date of the grantor's death, the presumption is overcome that a delivery was made during the lifetime of grantor. (*Furenes v. Eide,* 109 Iowa, 511, 77 Am. St. 545, 80 N. W. 539.)

Publisher's Note.
Priority and effect of recordation of deed after subsequent conveyance, see note in Ann. Cas. 1912A, 194.

A presumption of delivery of a deed is raised by its recording effective only as of the date of the recording. (*Ford v. Gale,* 155 App. Div. 675, 140 N. Y. Supp. 541.)

Where all the circumstances attending the transaction show that the grant was intended as a gift, the fact that the grantee actually paid a merely nominal consideration in money will not cause him to be treated as a purchaser for valuable consideration within the meaning of the recording laws, and he is not entitled to priority over a prior unrecorded deed. (2 Devlin on Deeds, p. 1471.)

The courts will carefully scrutinize a conveyance from the wife to the husband and will impose upon the husband the burden of showing that it was not procured by undue influence or unfair means. (*Mathy v. Mathy,* 88 Ark. 56, 113 S. W. 1012; *Southwick v. Southwick,* 175 Mich. 608, 141 N. W. 624; *Ilgenfritz v. Ilgenfritz* (Tex. Civ.), 22 S. W. 786; *Brugman v. Brugman,* 93 Neb. 408, 140 N. W. 781; *Massey v. Rae,* 18 N. D. 409, 121 N. W. 75.)

When a deed is not acknowledged and recorded until long after its date, that may raise a presumption that it was not previously delivered. (*Morrison v. Wilson,* 13 Cal. 494, 73 Am. Dec. 593; *Samson v. Thornton,* 3 Met. (Mass.) 275, 37 Am. Dec. 135.)

Where the donor and donee stand in a confidential relation, the presumption of undue influence arises where the weaker party is the donor. (8 R. C. L. 1033; *McLeod v. McLeod,* 145 Ala. 269, 117 Am. St. 41, 40 So. 414; *Freeman v. Hartman,* 45 Ill. 57, 92 Am. Dec. 193.)

Equity will scrutinize more closely a conveyance from the wife to the husband than an ordinary conveyance. (*Pennington v. Acker,* 30 Miss. 161; 26 Cent. Dig., Husband and Wife, sec. 248; 21 Cyc. 1293.)

If respondent's deed was never delivered to Cahoon, during the lifetime of his wife the gift had never been completed and the same was revocable by her at any time. (12 R. C. L., sec. 10, p. 932; 20 Cyc. 1211, 1213.)

To have the effect of passing title the deed must pass beyond the domination and control of the donor and come

within the power and control of the donee; a deed not delivered conveys no title to the property. (*Weaver v. Weaver,* 139 Ind. 609, 55 N. E. 338; *Green v. Korngay,* 4 Jones L. (Ky.) 66, 67 Am. Dec. 261; *Beaver v. Beaver,* 117 N. Y. 421, 15 Am. St. 531, 22 N. E. 940, 6 L. R. A. 403; *Wadd v. Hazelton,* 137 N. Y. 215, 33 Am. St. 707, 33 N. E. 143, 21 L. R. A. 693.)

D. E. Brinck and Frank Wyman, for Respondent.

A deed executed and acknowledged and in the possession of grantee, or recorded, is presumed to have been delivered. (1 Devlin, Deeds, secs. 292, 294; 18 C. J. 419, secs. 496, 497.)

Evidence to overcome the presumption of delivery arising from possession by the grantee must be clear and satisfactory. (*Hathaway v. Cook,* 258 Ill. 92, 101 N. E. 227; *In re Brigham's Estate,* 144 Iowa, 71, 120 N. W. 1054.)

A deed dated, acknowledged and recorded at different dates will be presumed to have been delivered at least as early as the date of acknowledgment. (18 C. J. 414, sec. 493; *Clark v. Akers,* 16 Kan. 166.)

A deed duly delivered though not recorded takes precedence over a subsequent gift deed. (C. S., sec. 5424; 18 C. J. 247, sec. 184; 2 Tiffany, Real Property, 2d ed., sec. 566a, p. 2170, sec. 574, p. 2247; 2 Devlin, Deeds, p. 1471.)

The burden is on the wife to show the improper influence of the husband in order to avoid her settlement on him. (*Schultze v. Schultze,* 73 N. J. Eq. 597, 75 Atl. 824; *Wicks v. Dean,* 103 Ky. 69, 44 S. W. 397; *Hadden v. Larned,* 87 Ga. 634, 13 S. E. 806; *Mahan v. Schroeder,* 236 Ill. 392, 86 N. E. 97; *Donlon v. Donlon,* 154 App. Div. 212, 138 N. Y. Supp. 1039; *Massey v. Rae,* 18 N. D. 409, 121 N. W. 75.)

Fraud is never presumed. (*Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85; *Kerns v. Washington Water Power Co.,* 24 Ida. 525, 135 Pac. 70; *Griffin v. Birkhart,* 84 Va. 612, 5 S. E. 685.)

WM. E. LEE, J.—This is an appeal from a decree of the trial court quieting title of respondent in and to Lots 7, 8, 9 and 10 in Block No. 9, Locust Grove Addition to Boise, as against appellant.

Appellant, plaintiff below, filed her complaint in the district court alleging ownership of the above described real property and prayed that her title thereto be quieted as against respondent. Respondent, defendant below, filed his answer in which he denied the allegations of the complaint. Respondent also filed a cross-complaint, in which, among other allegations, he claimed ownership of the identical property and prayed that title thereto be quieted in himself as against appellant. There were other allegations on the part of each of the parties, but, in view of the fact that the other allegations were waived by failure to furnish any evidence whatever in support thereof, the foregoing is a sufficient statement of the pleadings.

The evidence adduced on the trial of the issue is very brief. From it we gather that William Cahoon, the respondent, was the husband of Georgianna Cahoon, and that Nellie Hiddleson, the appellant, was the daughter of Georgianna Cahoon. It appeared that Georgianna Cahoon died on October 13, 1918. A deed was admitted in evidence on the part of appellant, purporting to be a conveyance from Georgianna Cahoon to appellant of the foregoing property, which was evidently the separate property of Georgianna Cahoon, although there is no allegation to that effect. This deed, which is herein referred to as ''appellant's deed,'' was dated October 8, 1918, acknowledged on the same day, and the certificate of the recorder shows that it was filed for record at 9:30 A. M. on October 14, 1918, and was thereafter duly recorded. Appellant's deed recited that it was based upon a consideration ''of love and affection and other valuable consideration,'' and appellant admitted that the conveyance was a gift from her mother to her. It also appeared from the evidence that the grantor did not actually deliver the deed to appellant, but that she got it from her attorney about a week after her mother's

87 Idaho.—10

death. A deed was also admitted in evidence purporting to be a conveyance of the identical property by Georgianna Cahoon to respondent. This deed, which is herein referred to as "respondent's deed," was dated July 13, 1918, acknowledged August 8, 1918, and the certificate of the recorder shows that it was filed for record at 10:20 A. M. on October 14, 1918, and was thereafter duly recorded. Respondent's deed recited a valuable consideration. It thus appears that while respondent's deed was dated and acknowledged long before the date of appellant's deed, the deed to appellant was filed for record just fifty minutes before respondent's deed was so filed. The trial court held that respondent's deed was prior and superior in right to appellant's deed. Decree was entered in accordance therewith.

The first question to be determined is which of the two deeds was first delivered, for a deed does not become effective until it is delivered. A deed duly executed, acknowledged and recorded, is presumed to have been delivered. (18 C. J., p. 207, sec. 110, and p. 419, sec. 497; 1 Devlin on Deeds, sec. 292; 8 R. C. L., p. 1004, sec. 66; 9 Cal. Jur., p. 185, sec. 74; *Harshbarger v. Carroll*, 163 Ill. 636, 45 N. E. 565.) This presumption is not conclusive, and may be rebutted. No testimony was offered on this question. It must be concluded, therefore, that respondent's deed, having been executed, acknowledged and recorded, was duly delivered. Many courts hold that a deed is presumed to have been delivered on the date of the instrument. When, however, the date of the acknowledgment, as is true of respondent's deed, is subsequent to the date of the instrument, it seems reasonable to presume, in the absence of any evidence to the contrary, that it was delivered not later than the date of the acknowledgment. (18 C. J., p. 414, sec. 493, and cases cited; 8 R. C. L., p. 1014, sec. 73.) It must therefore be presumed, in the absence of any evidence of delivery, except the presumptions arising from the execution, acknowledgment and recording of the deed, that respondent's deed was delivered at least as early as the date of its acknowledgment, which was August 8, 1918. Since the execution date

of appellant's deed was October 8, 1918, it is not important when her deed was actually delivered, as respondent's deed is at all events the prior deed.

From the evidence, therefore, the case rests upon the question of whether or not a deed, duly executed, acknowledged and delivered, will prevail over a subsequent gift deed which was first filed for record.

C. S., sec. 5424, is as follows: "Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

This section, in effect, provides that an unrecorded deed is void as against a subsequent conveyance, which is duly recorded, when and only when the subsequent conveyance is in good faith and for a valuable consideration. Were appellant's deed founded upon a valuable consideration, there being no question of good faith, her deed, having been first filed for record, would take precedence over respondent's deed. It is undoubtedly the general rule, and under the provisions of C. S., sec. 5424, it must be held that in an action between one holding a subsequent deed which was first recorded against the holder of a prior deed, the holder of the prior deed will prevail unless the holder of the subsequent deed not only shows the making and recording of his deed, but that the property was purchased in good faith and for a valuable consideration. (*Bell v. Pleasant*, 145 Cal. 413, 104 Am. St. 61, 78 Pac. 957; *House v. Ponce*, 13 Cal. App. 279, 109 Pac. 161; *Shurtleff v. Bracken*, 163 Cal. 24, 124 Pac. 725; 2 Tiffany on Real Property, 2d ed., sec. 574; 39 Cyc., p. 1697, sec. (d).) As shown by its recitals and by her testimony, appellant's deed is a deed of gift. It is supported by a good as distinguished from a valuable consideration. Under the foregoing section of our statutes, appellant's deed cannot prevail over respondent's deed. This view has been arrived at regardless of whether or not respondent's deed is supported by a valuable as distinguished from a good

consideration. Respondent's deed is prior to appellant's deed, and appellant's deed is not supported by a valuable consideration.

Appellant contends that the courts will carefully scrutinize a conveyance from a wife to her husband and will impose upon the husband the burden of showing the conveyance was not procured by undue influence or unfair means. While there is authority to the contrary, we do not understand that this is the law. There is no presumption of law that a deed from a wife to a husband has been procured by fraud, undue influence or unfair means. It is true that upon a *prima facie* showing of fraud or undue influence, the husband will be required to show the absence of fraud or undue influence. But where there is no evidence of any fraud or undue influence in a conveyance from a wife to her husband, there is no burden on the husband to establish the absence of fraud or undue influence. (*Schultze v. Schultze,* 73 N. J. Eq. 597, 75 Atl. 824; *Massey v. Rae,* 18 N. D. 409, 121 N. W. 75; *Hadden v. Larned,* 87 Ga. 634, 13 S. E. 806; *Donlon v. Donlon,* 154 App. Div. 212, 138 N. Y. Supp. 1039; *Kerns v. Washington W. P. Co.,* 24 Ida. 525, 135 Pac. 70; *Mahan v. Schroeder,* 236 Ill. 392, 86 N. E. 97.)

Counsel contends that title to the property never passed to respondent; that he never at any time received the deed during the lifetime of the donor; and that Mrs. Cahoon revoked the conveyance to respondent by making and delivering the subsequent deed, during her lifetime. Possibly respondent did not receive his deed until after the death of the grantor, and possibly the grantor intended, by her deed to appellant, to revoke the deed to respondent. This is mere suspicion. There is no evidence whatever to sustain counsel's contention. This court cannot go outside of the record. It must arrive at a conclusion of the facts of the case from the evidence and from the presumptions arising therefrom.

The decree of the district court is affirmed. Costs to respondent.

Dunn and William A. Lee, JJ., concur.