327 P.2d 355

George R. BRETT and Beryl D. Brett, husband and wife, Plaintiffs-Respondents,

v.

Earl F. DOOLEY and Mary M. Dooley, husband and wife, Defendants-Appellants.

No. 8623.

Supreme Court of Idaho.

July 2, 1958.

Henry J. Felton, Warren Felton, Lewiston, for appellants.

Paul C. Keeton, Lewiston, for respondents.

McQUADE, Justice.

Respondents brought this action to set aside and vacate a deed which had been filed in the county recorder's office of Nez Perce County, State of Idaho. The trial court found the facts to be that the grantors did not intend delivery of the deed to the grantees until the purchase price had been paid, and entered a judgment declaring the deed null and void.

Fay D. and Frances White, husband and wife, sold the realty in dispute to Francis

D. and Mary Astley under the terms of a certain contract. Thereafter, Francis D. and Mary Astley, husband and wife, entered into a contract to sell Earl F. and Mary Margaret Dooley, husband and wife, the property, located in Lewiston Orchards, Nez Perce County, State of Idaho. The latter purchase price for the premises was $5,250, to be paid $50 down and $50 per month. Mrs. Dooley caused a warranty deed and a contract to be prepared at the request of Mrs. Astley. The warranty deed and contract were prepared simultaneously, and were both executed on the same day by the Astleys. Although the contract was to be deposited with the American Bank and Trust Company of Lewiston, Idaho, as escrow agent, Mrs. Astley retained the contract and accepted the payments. The warranty deed was not deposited with the designated escrow agent, but was mailed by Mr. Astley to the Dooleys. On May 9, 1953, Mr. and Mrs. Astley executed a second warranty deed and assignment of their interest in the White-Astley escrow contract in favor of Mary Astley's son, George R. Brett, and his wife, Beryl D. Brett. Soon thereafter Mrs. Dooley wrote Mr. Brett, saying they would send subsequent payments to him in compliance with Mrs. Astley's wishes and that they understood the Astleys had transferred their equity to the Bretts.

Brett corresponded with the Dooleys on May 31, 1953, relative to back payments due under the escrow contract. In a letter dated June 4, 1953, Mrs. Dooley, in answer to Brett, acknowledged the contract and expressed concern about payments for which she had not received receipts from Mrs. Astley. In August of 1953, the Dooleys and the Bretts agreed as to the balance due under the contract, and further agreed that Mr. Glenn W. Hall would be the escrow holder. From August, 1953, until January, 1956, the Dooleys made payments to the escrow holder.

In January, 1956, the Dooleys filed with the county recorder their deed from the Astleys. In February, 1956, the Dooleys commenced a bankruptcy proceeding, and listed the amount due under the contract as an unsecured claim. The Bretts were not cognizant of the deed held by the Dooleys until advised by the escrow holder that it had been recorded. At the trial, the Dooleys' explanation of the deed was that Mrs. Astley made them a gift of the Astley equity in the property.

Appellants, the Dooleys, complain in general terms about the introduction of the contract and statements of the deceased, Mary Astley, pertaining to the transaction and which were admitted in evidence.

This Court, in Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264, 267, stated:

"The trial court committed no error in admitting evidence of the statements

and conduct of Sarah A. Crenshaw before and after the making of the deed in question, in as much as the essential thing to be determined was whether the deed was ever delivered. The general rule applicable here has been stated in Whitlow v. Durst, 20 Cal.2d 523, 127 P.2d 530, 531, as follows:

" 'When intent is a material element of a disputed fact, declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule, and it is immaterial that such declarations are self-serving. Thus, in cases involving the delivery of deeds, declarations of the alleged grantor made before and after the making of the deed are admissible upon the issue of delivery, and it is immaterial that such declarations are in the interest of the party producing them.' (Citing cases.)"

It was also said by this Court in the Crenshaw case, supra:

"Before a deed can operate as a valid transfer of title, there must be a delivery of the instrument and it must be effected during the life of the grantor. Weuster v. Folin, 60 Kan. 334, 56 P. 490. See also Gonzaga University v. Masini, 42 Idaho 660, 249 P. 93:

" 'The mere placing of a deed in the hands of the grantee does not necessarily constitute a delivery. The question is one of intention whether the deed was then intended by the parties to take effect according to its terms'. Weigand v. Rutschke, 253 Ill. 260, 97 N.E. 641, 642."

The appellants are adamant in stating their position that delivery of the deed is absolute and title to the premises passed at the time they came into possession of the deed. As stated above, there must be a valid delivery of the instrument before the title transfers. This Court has held that evidence may be introduced to determine whether delivery has been made in Whitney v. Dewey, 10 Idaho 633, 80 P. 1117, 1122, 69 L.R.A. 572:

"The extent to which the intention of the parties enters into the act of delivery of a deed is very fairly stated by the author in 13 Cyclopedia, 561, and the authorities cited in support thereof. It is beyond controversy that the evidence of delivery must come from without the deed. In other words, a deed never shows upon its face nor by the terms thereof a delivery, and parol evidence thereof must necessarily be admitted when the question of delivery arises. And it will, perhaps, often be difficult to accurately determine the exact extent to which the intention of the parties is admissible

as to the ultimate result of divesting the grantor of title; but such testimony should never be considered by the court to the extent of governing and controlling the express terms of the instrument, where it is clear that a delivery has been made, even though the parties have mistakenly supposed the legal effect would be different. Of course, such evidence would be competent if it should be shown that under no circumstances and in no event and under no conditions was the title ever to pass from the grantor, because such a showing would disprove a legal delivery. * * *"

██ From all the evidence, it is conclusive that the deed was not delivered for the the purpose of passing title. Obviously there was mistake or inadvertence in Mr. Astley's mailing the deed to the appellants. All of the actions of the Astleys and the Dooleys preclude the suggestion of a gift, and from the correspondence of Mrs. Dooley it is apparent that she did not consider the equity of the Astleys as being a gift; furthermore, her actions were not consonant with one having title.

██ Error is assigned that no specific act of fraud was found by the court, and further that the court erred when it made a finding implying there was fraud and mistake. It was not necessary that the trial court make a finding of fraud, as it found there was no delivery.

██ Error is also predicated upon the trial court's permitting the respondents to amend their complaint at the conclusion of the introduction of evidence. This amendment was to insert the words "by mistake" in order that the complaint would then read as follows:

"* * * by mistake or means unknown to the plaintiffs, the warranty deed referred to in said escrow contract came into the hands of the defendants * * *."

In Idaho the rule has been announced that liberality should be allowed in the amendment of pleadings. Cooper v. Wesco Builders, 76 Idaho 278, 281 P.2d 669. Appellants were not prejudiced by the amendment; on the contrary, the amendment was in complete harmony with the proof of both parties.

██ There being sufficient substantial and competent evidence to support its findings thereon, and the findings not being clearly against the weight of the evidence, the findings of the trial court are binding on this Court and will not be disturbed. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen Motor Sales v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d

**242**

1146; In re Davenport's Estates, 79 Idaho 548, 323 P.2d 611; Shellhorn v. Shellhorn, Idaho, 326 P.2d 64.

The judgment of the trial court is affirmed.

Costs to respondent.

PORTER, TAYLOR, and SMITH, JJ., and DUNLAP, D. J., concur.

KEETON, J., not participating.