## CORKINS *v.* CORKINS.

1. DEEDS—DELIVERY—INTENT—PRESUMPTIONS—BURDEN OF PROOF.

   Whether there has been a delivery of a deed, or failure thereof, depends upon the intention of the grantor, as shown not only by his words and actions, but by the circumstances surrounding the transaction, the retention of possession of the deed by the grantor not necessarily defeating delivery but casting a heavy burden on the grantee to prove delivery for presumptively there has been none.

2. SAME—DELIVERY—EVIDENCE.

   That father continued to manage property he had deeded his 17-year-old son by a prior marriage, shortly before he married plaintiff, *held,* not inconsistent with passage of present title, but was a circumstance to be weighed with all others pertinent to the problem of delivery of the deed to the son.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds §§ 115, 128, 131.
   Delivery of deed without manual transfer or record. 129 ALR 11.
[2] 16 Am Jur, Deeds § 133.
[3] 16 Am Jur, Deeds § 371.
[4] 58 Am Jur, Witnesses § 359.
   Examination of witness as waiver of his incompetency to testify as to transactions or conversations with decedent. 64 ALR 1148; 107 ALR 482; 159 ALR 411.

3. SAME—DELIVERY—BURDEN OF PROOF—EVIDENCE.

Defendant, grantee of deed, to whom his father had deeded property when grantee was 17 years of age, and shortly before father married plaintiff, *held*, under record presented in suit by grantor's widow to set aside the deed some 20 years later, to have sustained his burden of proving delivery.

4. WITNESSES—MATTERS EQUALLY WITHIN THE KNOWLEDGE OF DECEASED—WAIVER—CROSS-EXAMINATION.

Plaintiff, widow of grantor, seeking to set aside grantor's deed to his son, executed shortly before grantor married plaintiff and when grantee was 17 years of age, by cross-examination of defendant under the statute as to whether or not decedent had retained ownership, may not thereafter prevent him from giving a full explanation of the subject inquired about by testifying as to matters equally within the knowledge of the deceased (CL 1948, §§ 617.65, 617.66).

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted January 5, 1960. (Docket No. 7, Calendar No. 48,064.) Decided February 25, 1960.

Bill by Gertrude Corkins against Lee C. Corkins to set aside deed. Bill dismissed. Plaintiff appeals. Affirmed.

*Donald E. McAleer,* for plaintiff.

*Thomas R. McAllister,* for defendant.

SMITH, J. This is an action to set aside a deed. The principal ground relied upon is that it was not delivered to the grantee during the lifetime of the grantor. Ancillary relief, also, was requested.

The deed complained of, identified and sometime hereafter described as exhibit 1, was executed shortly before the marriage of the grantor, John C. Corkins. At this time he had 4 children by a prior marriage. One of them, the eldest son, 17 years of age at the time, was the grantee of the deed in question. After the grantor's death, some 20 years

later, his widow, plaintiff herein, found the deed in his safe. It was sealed in an envelope, bearing the grantor's name and address, upon which was written in ink "Personal—Jack C. Corkins."

At the trial of the cause the grantee, Lee C. Corkins, sometimes known as Jack Corkins, called for cross-examination under the statute,* testified that during his father's lifetime his father had paid the taxes on the property here under consideration, as well as the insurance premiums, it being insured in his father's name, that his father rented the property, retained the rentals obtained, paid for its upkeep, and was in possession thereof. Upon direct examination he then testified that it was his father's handwriting upon the envelope previously mentioned and that, when the deed was drawn, his father had handed it to him with the words, "Here's the deed to the property," adding, "It's yours but I'll take care of it for the rest of my life."

It was testified, in addition, by defendant's half sister, that the grantor had told her "at least 20 years ago," that the property in question belonged to defendant. A third person, a long-standing acquaintance of the grantor, testified that the grantor had told him that the building, part of which he had rented for many years, "was Jack's." In addition, defendant had joined in conveying parts of the property theretofore allegedly conveyed to him, although in one deed for a piece 10 feet in width and 10 rods in length defendant had not joined. The property involved, moreover, had not been inventoried as a part of the grantor's estate, nor had plaintiff sought to have it included, she having, on the contrary, executed a receipt acknowledging that she had, without it, received her full share of the estate.

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

Upon such showings the trial chancellor held that delivery had been established and dismissed the bill of complaint. Plaintiff, in this Court, challenges the holding, as well as the admissibility (under the so-called dead man's statute\*) of certain of the evidence in support thereof.

It was our holding in *Lintner Estate* v. *Meier,* 344 Mich 119, in accordance with much past authority, there cited, that whether there has been delivery of a deed, or failure thereof, depends upon the intention of the grantor, as shown not only by his words and actions, but by the circumstances surrounding the transaction. We there held, also, that the retention of the deed in the grantor's possession does not necessarily defeat delivery, although, as we added (p 124), "the burden is heavy on the grantee to prove delivery in such case, for presumptively there has been none."

It is not, of course, inconsistent with the passage of a present title, particularly in a father-son relationship, that the incidents of management be retained by a grantor. While such facts are material to our consideration, they are not conclusive and must be weighed with all others pertinent to the problem. Such constitute the "circumstances surrounding the transaction." Here the record, in our opinion, amply sustains the conclusions of the trial chancellor that "the grantee has sustained the burden of proving delivery."

But the plaintiff has an additional ground of error. The testimony of Jack Corkins, the defendant, relating to the delivery of the deed, is said to be "inadmissible in evidence as self-serving declarations and testimony of opposite party as to matters equally within the knowledge of deceased."

---

\* CL 1948, § 617.65 (Stat Ann § 27.914).

As to the alleged error we note that prior to the testimony complained of, the plaintiff herself, calling defendant Corkins for cross-examination under the statute, had questioned him extensively as to his claims under the deed before us, the status of his father as a "life lessee" of property deeded by defendant and his father subsequent to the date of exhibit 1, the continued possession of the property described in exhibit 1 by the father, and his acts, with reference thereto, of care and upkeep, as well as his payment of taxes and insurance. These questions bore directly on the meritorious issue in the case, namely, whether or not the decedent retained ownership of the property. The door having thus been opened, the plaintiff is in no position to complain that the defendant sought to, and did, elicit from the same witness additional facts relating to transfer of ownership. As we held in *Fox* v. *Barrett's Estate,* 117 Mich 162, 163, 164, quoted in *Bishop* v. *Shurly,* 237 Mich 76, 83:

" 'If, however, the representative of the deceased wishes, he may compel the living party to testify; but in that case he cannot prevent such party from giving a full explanation of the subject inquired about.' "

Under the view we have taken of the case there is no need to pass upon the accounting issue. The decree is affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.