458 P.2d 582

**Ruby E. CORYELL, Plaintiff-Appellant,**

v.

**Viola M. KIBBE, and the Unknown Heirs of Walter C. Coryell, Deceased, and All Unknown Claimants of Interest in the Premises Adverse to the Plaintiff, Defendants-Appellees.**

No. 8785.

Supreme Court of New Mexico.

Sept. 8, 1969.

**508**

James L. Dow, Carlsbad, for appellant.

James S. McCall, Foster Windham, Carlsbad, for appellees.

OPINION

COMPTON, Justice.

The plaintiff brought this action to reform a deed executed by her husband the day prior to his death, and to quiet title to the real estate described therein. The trial court found that the husband "never completed delivery of the deed before his death," and concluded that "there was no effective delivery of the deed by the deceased prior to his death." Judgment was entered accordingly, and the plaintiff appeals. The deed in question reads:

"QUIT CLAIM DEED (JOINT)

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

KNOW YE, THAT WE,

(Name) WALTER C. CORYELL and (Name) RUBY E. CORYELL in conformity with the terms of a certain Declaration of Trust executed by us under date of May 29, 1967, do by these presents release and forever Quit-Claim to ourselves as Trustees under the terms of such Declaration of Trust, and to our successors as Trustee under the terms of such Declaration of Trust, all right, title, interest, claim and demand whatsoever which we as Releasors have or ought to have in or to the property located at:

Lot 22, Block 10, Unit No. 2, Carter Addition to the City of Carlsbad, New Mexico

There is excepted from this conveyance all of the oil, gas, and other minerals in and under the above described land, the same having been reserved by the State of New Mexico at the time the patent issued,

Subject to restrictions, reservations and/or easements of record.

To Have and to Hold the premises, with all the appurtenances, as such Trustees forever; and we declare and agree that neither we as individuals nor our heirs or assigns shall have or make any claim or demand upon such property.

In Witness Whereof,

Signed, sealed and delivered in presence of two witnesses:

| s/ Mrs. R. C. Courtney | s/ Walter C. Coryell    L.S. |
|------------------------|------------------------------|
| Witness                | Releasor (First co-owner)    |
| s/ Raymond D. Bennett  | s/ Ruby E. Coryell    L.S.   |
| Witness                | Releasor (Second-co-owner)"  |

The facts disclosed by the record are not controverted. Walter C. Coryell and Ruby E. Coryell, the plaintiff, were married January 15, 1967. Walter C. Coryell died May 30, 1967. Previous to his death, he expressed an intention to convey the property in question to his wife. He purchased a book entitled, "How to Avoid Probate," and detached therefrom and used a form of conveyance styled "Quit Claim Deed (Joint)." He then took this instrument to the home of a neighbor, Mrs. R. C. Courtney, where he signed it. At his request, it was witnessed by Mrs. Courtney and the plaintiff's son, Raymond D. Bennett. At that time deceased stated to the witnesses that he had been intending to give his home to his wife so that she would be cared for and that he wanted them to witness his signature on the deed. Deceased then told the witnesses that he was glad that he had finally given his home to his wife. He took the deed back to his home where plaintiff apparently had been sleeping. When she awoke, he told her that he had prepared a deed to the home for her, handed it to her and told her to sign it. He was busy that afternoon, and stated to the plaintiff that they would have to go to town the next day to have it notarized. The defendant makes no contention that the mere failure to have the instrument notarized affected its validity. Kitchen v. Canavan, 36 N.M. 273, 13 P.2d 877; Garcia v. Leal, 30 N.M. 249, 231 P. 631.

Generally, possession of a duly executed deed is prima facie evidence of actual delivery. Evans v. Evans, 44 N.M. 223, 101 P.2d 179. While all the evidence indicates that the deceased intended to give the home to the plaintiff, it is obvious that when the deceased handed the deed to his wife he did not then and there irretrievably divest himself of the title. He intended that his control and dominion over the deed should continue until they could have it notarized, which was never done. We conclude that the finding of the court that there was no effective delivery of the deed has substantial support in the evidence.

Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135.

Other questions are urged for a reversal of the judgment. These have been considered and they are disposed of by the conclusion reached.

The judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.