525 P.2d 352

**Eleanor HARTLEY, Plaintiff-Appellant,**

v.

**Grant J. STIBOR, Defendant-Respondent.**

No. 11387.

Supreme Court of Idaho.

July 22, 1974.

Glenn A. Coughlan, Coughlan, Imhoff, Christensen & Lynch, Boise, for plaintiff-appellant.

Jesse R. Walters, Derr, Derr, Walters & Cantrill, Boise, for defendant-respondent.

McFADDEN, Justice.

Eleanor Hartley, the plaintiff-appellant, instituted this quiet title action to real property situate in Boise, Idaho. Following the presentation of appellant's case in chief, respondent moved for dismissal under I.R.C.P. 41(b). The trial court, sitting without a jury, granted the motion and this appeal was taken.

Appellant is the daughter of Helen G. Stibor who died on June 22, 1971. Grant J. Stibor, the defendant-respondent is the surviving husband of the decedent. During her lifetime Mrs. Stibor had been married three times, the appellant being issue of the first marriage of decedent to Ronald Gould. Following the death of Ronald Gould, decedent married John H. Glenn, and after his death she married the respondent. During the marriage of decedent and Mr. Glenn, they acquired the property involved herein and described as lots 1, 2 and 3 of block 9 of Brumback's Addition to the City of Boise. After the death of Mr. Glenn, the probate court of Ada County entered its decree setting the property over to the decedent.

On August 31, 1970, Mrs. Stibor executed a warranty deed to the property naming her daughter as the grantee. Mrs. Stibor's signature was acknowledged, and the deed was recorded by appellant at the request of her mother on the same day.

There are two dwellings on the property in question, one facing Harrison Boulevard and the other on Lemp Street. After executing and recording the deed Mrs. Stibor and respondent continued to reside in the home facing on Harrison Boulevard, and also managed and collected the rents from the other home. Following Mrs. Stibor's death the respondent remained in possession of the home on Harrison Boulevard and continued to manage and collect rents from the other house.

In her complaint appellant sought possession of the property and damages for its wrongful occupation. Respondent answered the appellant's complaint, generally denying the allegations thereof and counterclaimed, contending that he had a community property interest in the property.

At trial before the court sitting without a jury, the appellant introduced in evidence the decree of the probate court in the estate of Mrs. Stibor's second husband, which held that the real property was the community property of Mrs. Stibor and her second husband and following the death of her second husband it was her sole and separate property. The appellant also introduced in evidence the warranty deed to the property executed by Mrs. Stibor which purportedly conveyed to the appellant the fee simple title to the property. The deed was acknowledged and recorded in the county recorder's office. The appellant testified and, following her examination and cross-examination, rested. The respondent then moved for dismissal of the action. The trial court rendered its opinion granting the motion and later entered findings of fact, conclusions of law and judgment of dismissal.

The trial court found that the decedent retained possession and control of the property and continued to manage it between the time of the execution and delivery of the deed and her death, that the decedent did not intend that title pass immediately to the plaintiff, but rather the decedent intended the deed to be effective and title pass upon her subsequent death. The trial court held that this was an attempted gift *causa mortis* and that the title to the real property remained in the decedent. Appellant challenges the findings of fact and conclusions of law by appropriate assignments of error.

The intent of the grantor of a deed at the time of its delivery is the controlling factor in a case such as this. Gonzaga University v. Masini, 42 Idaho 660, 249 P. 93 (1926); Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264 (1948). Thus, the issue dispositive of this appeal is whether the record sustains the trial court's finding that the decedent did not intend to pass title upon execution and delivery of the deed.

Appellant, in addition to introducing the two exhibits, i. e. the decree of the probate court and the recorded deed, testified that her mother's attorney had prepared the deed, that appellant picked it up from the attorney and took it to her mother to sign, and that at her mother's request appellant had the deed recorded. She testified in response to an inquiry as to what consideration appellant had given her mother, "[w]ell, what she told me was she was giving it to me."

"Q. Did you discuss with your mother, Mrs. Hartley, who owned the property after the deed was given?

A. Yes sir.

Q. Who was the owner after the deed was given?

A. I was.

Q. But you agreed with her that she could live on there during her lifetime and collect the rents; is that right?

A. That's right."

Appellant also explained that she considered that her mother had the use of the property as long as she was alive even

though the title to the property stood in appellant's name.

▪ For a valid delivery of title to take place there must be not only an actual manual transfer of the instrument itself to the grantee, either by actual delivery or by constructive delivery,[1] but also the grantor must have the intent to pass immediate and present title to the property. Bowers v. Cottrell, 15 Idaho 221, 96 P. 936 (1908). See, Whitney v. Dewey, 10 Idaho 633, 80 P. 1117 (1905); Gonzaga University v. Masini, supra; Johnson v. Brown, 65 Idaho 359, 144 P.2d 198 (1943); Crenshaw v. Crenshaw, supra; Claunch v. Whyte, 73 Idaho 243, 249 P.2d 915 (1952); Brett v. Dooley, 80 Idaho 237, 327 P.2d 355 (1958); Williams v. Williams, 82 Idaho 451, 354 P.2d 747 (1960).

▪ Possession of a deed by a grantee, in the absence of evidence to the contrary, raises a presumption of delivery. Holland v. Beames, 71 Idaho 343, 231 P.2d 741 (1951); Brummund v. Romig, 59 Idaho 312, 81 P.2d 1085 (1938). Recordation of a deed also creates a presumption of delivery. Hiddleson v. Cahoon, 37 Idaho 142, 214 P. 1042 (1923); Idaho Trust Co. v. Eastman, 43 Idaho 142, 249 P. 890 (1926).

▪ Although recordation is not essential to the validity of a deed (absent intervening rights), the recording of the deed by appellant at the decedent's request is prima facie evidence of appellant's acceptance of title to the property. 8 Thompson on Real Property, § 4240 (1963). In this case a presumption of delivery arises from the appellant's possession of the deed, and recordation of the deed at the grantor's knowledge and direction evidences a *valid delivery* of the deed

to the grantee which encompasses the requisite intent of the grantor to pass title. See, Wilson v. McDaniel, 250 Ark. 316, 465 S.W.2d 100 (1971); Belli v. Bonavia, 167 Cal.App.2d 275, 334 P.2d 196 (1959); Hinchliffe v. Fischer, 198 Kan. 365, 424 P.2d 581 (1967); Cartmill v. Evans, 498 S.W.2d 541 (Mo.1943); Coryell v. Kibbe, 80 N.M. 507, 458 P.2d 582 (1969); Blanchard v. Gordon, 418 P.2d 678 (Okl.1966); Halleck v. Halleck, 216 Or. 23, 337 P.2d 330 (1958); Hampton v. Gilleland, 61 Wash.2d 537, 379 P.2d 194 (1963). Under I.C. § 55–604 a fee simple title is presumed to be intended to pass;[2] and under I.C. § 55–606 such conveyance is conclusive against the grantor and all claiming under the grantor.[3]

▪ Where there is a valid delivery of the deed, with the requisite intent on the part of the grantor, the fact that the grantor retains possession of the premises does not necessarily invalidate the deed. Walsh v. Kennedy, 115 Mont. 551, 147 P.2d 425 (1944); Ogg v. Gunderson, 74 Cal. App.2d 384, 168 P.2d 793 (1946); Hackett v. Hackett, 429 P.2d 753 (Okl.1967); Corkins v. Corkins, 358 Mich. 691, 101 N.W.2d 362 (1960).

In Corkins v. Corkins, supra, that court stated:

"It is not, of course, inconsistent with the passage of a present title, particularly in a father-son relationship, that the incidents of management be retained by a grantor. While such facts are material to our consideration, they are not conclusive and must be weighed with all others pertinent to the problem. Such constitute the 'circumstances surrounding the transaction.'" 101 N.W.2d at 364.

---

1. Johnson v. Brown, 65 Idaho 359, 144 P.2d 198 (1943). See, Annot. Deed, Delivery Without Manual Transfer, 129 A.L.R. 11 (1940).

2. I.C. § 55–604. "Fee presumed to pass.— A fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended."

3. I.C. § 55–606. "Conclusiveness of conveyance—Bona fide purchasers.—Every grant or conveyance of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded."

■ At this juncture it should be pointed out that at the time the appellant had rested her case the respondent had not submitted any proof in support of his case. In summary, at the time of the motion for dismissal, the trial court had before it the two exhibits, i. e., the probate decree setting the property over to Mrs. Stibor as her separate property and the acknowledged and recorded warranty deed from Mrs. Stibor to appellant, together with appellant's testimony. Thus, at this time appellant's case was bolstered by the presumptions previously discussed, that the instrument had been delivered by Mrs. Stibor to her, that the delivery was with the requisite intent to pass a present title, and that I.C. § 55–604 provides that a fee simple title was presumed to pass. The record before the court established the requisite facts for the appellant to prevail against the motion to dismiss, and there is an insufficient showing to sustain the trial court's finding of fact that the decedent did not, by the execution and delivery of the deed, intend that title to the property would pass immediately.

It is therefore the conclusion of the court that the judgment of dismissal must be, and it is hereby reversed and the cause remanded for further proceedings. Costs to appellant.

DONALDSON, McQUADE and BAKES, JJ., concur.

SHEPARD, Chief Justice (dissenting).

I dissent. The entire majority opinion rests on presumptions arising from the "introduction" of two documents. The first was the decree of the probate court in the estate of Mrs. Stibor's husband indicating that the property in question herein was the sole and separate property of the decedent. The second document was the alleged warranty deed purporting to convey the property to the plaintiff herein. The district court stated at the time that the "deed" was tendered by plaintiff:

"I think that is probably going to be the whole issue in this lawsuit. I do not think I can recall the legal issues on ruling on admissibility of the deed. I think the document can be admitted and reserve all rulings on its legal effects, whether it is void or whether it is voidable.

"It is a little hard after the first five minutes of the trial to rule on the admissibility of the document where I intend to rule on its legal effect at the same time."

The record does not indicate that the reserved ruling was ever followed by an unconditional ruling of its admissibility or its legal effect. Therefore I believe the majority opinion to be erroneous in drawing any presumption of any kind from that purported exhibit.

I would further point out that the parties stipulated at the outset of this action:

"At the time of the marriage [of the Stibors] Helen Stibor was the owner * * * as her separate property * * * *subject to an outstanding mortgage.*"

The decedent herein was married to Stibor in 1950 and she died in 1971. The property in question herein consisted of two houses, one of which was built after the death of decedent's second husband. Thereafter, and for the majority of the 21 years of marriage, both houses were used as rental properties and the income therefrom contrary to the assertion of plaintiff-appellant at trial, in my judgment, would be community property.

Turning now to the plaintiff-appellant's own testimony as revealed in the record, it is clear from the plaintiff's own words that the "deed" was considered to be a gift to take effect after the death of the decedent. That intention is clear from the fact that decedent's will dated February of 1971 states that the property at issue here is the decedent's sole and separate property. Plaintiff-appellant at the time that she filed for the probate of her mother's estate, long after the time of the execution of the "deed" indicated her belief that her mother owned the real property. Plaintiff further could not remember whether or not

she had signed a sworn verified answer to a petition for guardianship in which answer she stated that the property in question herein was the sole and separate property of her mother.

I would hold that the judgment of the dismissal of the trial court should be affirmed on the basis that plaintiff failed in its case in chief to establish a prima facie case of her title to the real property in question.