220 P.2d 384

**HANCOCK v. HALLIDAY et al.**

**No. 7552.**

Supreme Court of Idaho.

July 10, 1950.

T. P. Wormward, Kellogg, Cullen & Etter, Spokane, Wash., for appellant.

Robert E. Brown, Kellogg, Cannon, McKevitt & Fraser, Spokane, Wash., for respondents.

PORTER, Justice.

. This case is an action in damages against the respondents for malpractice. Respond-

448

ents are four physicians and surgeons. At the time involved, respondents, Staley and McCaffery, were co-partners, employing respondents, Halliday and Lee. The cause was tried to the court sitting without a jury and resulted in judgment for respondents. From such judgment, appellant has appealed to this court.

This cause has previously been before this court on two occasions upon issues not pertinent or involved in this appeal. Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137, Id., 154 A.L.R. 295, 67 Idaho 119, 171 P.2d 333.

On February 25, 1941, appellant sustained an injury in a mine blast. He was struck by a piece of rock or debris on the right leg at a point immediately back of the knee. The blow knocked him down but did not tear his clothing. He went to the hospital where he was examined by Dr. Lee. His injury appeared to be a bruise and a broken section of the skin about three-fourths of an inch long. Dr. Lee treated the injury and sent appellant home. On the following day, appellant was unable to walk on his injured leg and was quite ill. On February 27, Dr. Halliday was called to see appellant. Dr. Halliday prescribed treatment including, among other things, elevation of the leg and application of hot packs and hot water bottle.

Dr. Halliday made daily calls upon appellant until March 9. On February 28, he was accompanied by Dr. Staley. Appellant had a scarletina rash and other symptoms from which the Doctors diagnosed scarlet fever. The condition of appellant's leg grew worse. On March 9, appellant was taken to the hospital and on March 10 an operation was performed on his leg by Dr. McCaffery. Thereafter, it became necessary to amputate appellant's leg at the knee.

Later, appellant went to California where it became necessary to operate on his leg and spine, and he was in the hospital for many months.

The alleged malpractice of which appellant complains is the treatment afforded during the time before appellant went to the hospital on March 9. Appellant does not complain of the treatment thereafter.

Appellant lists ten specifications of error. Under specifications of error Nos. 1, 2, 3, 6, 8, 9 and 10, appellant contends that the "weight" of the evidence and the "preponderance" of the evidence are against the court's findings of fact that the treatment accorded by Dr. Halliday was such as would be rendered by skilled and competent physicians and surgeons and that there was no negligence on the part of defendants. Appellant cites a number of cases from other jurisdictions which he claims support his contention that where the weight or preponderance of the evidence is against the findings of the court, the cause should be reversed. Whatever may be the holdings in other jurisdictions, such is not the rule in this state. This court has frequently and consistently held

that findings of fact, sustained by competent, substantial, though conflicting, evidence, will not be disturbed on appeal. Nelson v. Hoff, Idaho, 218 P.2d 345; Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264; Jones v. Adams, 67 Idaho 402, 182 P.2d 963; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Consolidated Interstate-Callahan Min. Co. v. Morton, 32 Idaho 671, 187 P. 791.

The medical testimony offered by respondents is to the effect that the treatment afforded by Dr. Halliday was the usual and customary treatment and was proper provided sulfanilimide was prescribed. Dr. Halliday testified that on his second visit to appellant he prescribed sulfanilimide and left the same with appellant, in the form of pills, to be taken every four hours. Appellant and his wife claimed that Dr. Halliday left only aspirin pills with appellant but their testimony in this regard is not convincing.

█ A careful examination of the record discloses that the findings of fact of the trial court are supported by competent, substantial, though conflicting, evidence and will therefore, not be disturbed by this court.

By his specifications of error Nos. 4, 5 and 7, appellant complains that the trial court erred in sustaining objections to a series of hypothetical questions propounded to two Doctors who treated appellant in California. Appellant cites no authorities to support his position. The testimony of these Doctors was taken by deposition. The hypothetical questions and answers are too extended to be set out herein. They were designed to show improper and negligent treatment. The objections to the questions were sustained on the ground that the hypothetical questions propounded did not cover "the facts necessary to justify an answer."

█ By the stipulation for the taking of the depositions, respondents reserved the right to object at the trial to the competency of any question propounded. If the hypothetical questions did not fairly state all the necessary facts, then they were incompetent. Evans v. Cavanagh, 58 Idaho 324, 73 P.2d 83.

█ The rule as to what a hypothetical question should contain is stated in Cochran v. Gritman, 34 Idaho 654, at page 675, 203 P. 289, at page 296, as follows: "Each side, on an issue of fact, has its theory as to what is the true state of facts, and assumes that it can prove it to be so to the satisfaction of the jury, and, so assuming, states the hypothetical questions to the experts accordingly. In such a case, the questions must be so framed as to fairly reflect the facts admitted or proved by him; and, where the party's own evidence corroborates the evidence which has been introduced by the other party to the action, such question should fairly reflect all of the facts so admitted or proved by both sides. But a question should not be rejected because it does not include all of the

450

facts, unless it thereby fails to present the case fairly." See also, Evans v. Bannock County, 59 Idaho 442, 83 P.2d 427.

Fairness is the ultimate test of a hypothetical question. The form of hypothetical questions and facts to be embraced therein rest largely in the trial court's sound discretion. Willis v. Western Hospital Association, 67 Idaho 435, 182 P.2d 950. It does not appear that the trial court abused its discretion in ruling that the questions did not contain the necessary facts.

An examination of the hypothetical questions propounded in the depositions discloses that in none of such questions was the fact included that sulfanilimide was prescribed as part of the treatment by Dr. Halliday. It was for the trier of the facts to determine whether or not sulfanilimide was prescribed. The trial court found that sulfanilimide was, in fact, prescribed by Dr. Halliday. The hypothetical questions in issue, not having included such fact, the answers thereto became of no value. The answer of an expert witness to a hypothetical question is an opinion based upon assumed facts. If the facts in the case are found contrary to those assumed in the question, then the answer to the hypothetical question is not entitled to be given weight in the determination of the case. Evans v. Cavanagh, supra.

It follows that reversible error could not arise from the court's action in rejecting the questions in issue where the court found the ultimate facts contrary to those assumed in the questions, and if such questions had been permitted, the answers thereto would have been of no probative value.

No reversible error being pointed out by the specifications of error, the judgment is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS and TAYLOR, JJ., and SUTTON, D. J., concur.