409 P.2d 390

**TWIN LAKES IMPROVEMENT ASSOCIA-
TION, Inc., an Idaho corporation, Orlinda
Gunning, Administratrix of the Estate of
Thomas E. Gunning, and Marvel C. Young,
each on behalf of himself and all others
similarly situated, Plaintiffs-Appellants
and Cross-Respondents,**

v.

**EAST GREENACRES IRRIGATION DIS-
TRICT, Defendant-Respondent and
Cross-Appellant.**

No. 9213.

Supreme Court of Idaho.

Dec. 31, 1965.

Smith, Kimball & Reed, Coeur d'Alene, for appellants.

Thomas A. Mitchell, Coeur d'Alene, for respondent.

McQUADE, Chief Justice.

This is an appeal and cross-appeal.

Twin Lakes Improvement Association, a corporation, a plaintiff-appellant herein, commenced this action against the East Greenacres Irrigation District, referred to herein as the District, to stabilize the water level of Twin Lakes, located in Kootenai County. Twin Lakes Improvement Association represents approximately 600

owners, lessees or purchasers of property and cottages adjacent to or nearby upper and lower Twin Lakes. East Greenacres Irrigation District, which encompasses about 1539 acres of land owned by about 145 members, has a permit for 45.74 cubic feet per second of the waters of Twin Lakes. Most of the District members live on 5- to 10-acre tracts approximately 8 to 10 miles below the outlet of lower Twin Lake.

Spokane Valley Land and Water Company, a corporation, referred to herein as the Spokane Company, prior to the year 1921 had a water right of 500 cubic feet per second of the waters of Twin Lakes, which water was transported by that corporation through its canals. In 1906 the Spokane Company and the owners of the lands adjacent to Twin Lakes entered into an agreement whereby the Company, in exchange for certain rights, agreed that it would not elevate the water level of the lakes above certain designated marks, one of which was chiseled in a rock situated at or near the outlet from the upper to the lower lake and another chiseled in a rock at a point on the lower lake. The Spokane Company also agreed not to lower the level of the lower lake below a point one foot above the extreme low water mark as it existed in the fall of 1905.

In 1921 the District acquired by condemnation, title to the Spokane Company's water rights, laterals, ditches and diversion works. The District did not condemn those lakes level rights of the Twin Lake property owners described in the aforementioned agreement.

Appellants contend that the District is not putting the water to beneficial use and is permitting excessive waste in the laterals and ditches; also, that it is violating the 1906 agreement between the Lakes landowners and the Spokane Company. The appellants urge that the District, by virtue of the condemnation action, is bound by that agreement.

The record shows the water is used by members of the District for irrigation and domestic use. The contention regarding excessive waste of water by the District is related to the loss of water in the laterals and ditches during transportation of the water. The record shows a substantial loss of water in the ditches through seepage and evaporation but that such loss is normal. The District periodically distributes large quantities of clay in the water for the purpose of sealing the ditches but has not otherwise sought to control such loss of water.

The trial court, sitting without a jury, found and concluded that the District was not a successor to Spokane Company so as to be bound by the 1906 agreement. The court, by its judgment entered in favor of the District, adjudged that the District

may raise the water level of the two Twin Lakes as nearly as possible to 11½ feet "measured at the staff gauge at the outlet of Lower Twin Lake." The judgment in effect permitted the District to raise the water level of the lakes by some one and one-half feet above the level fixed by the 1906 agreement. The appellants have appealed from that judgment.

■ The prior owners of the property, having entered into the agreement relating to water levels of the lakes, thereby acquired the right to have the levels of the lake waters maintained at the levels and for the purposes set forth in the agreement.

■ The purposes set forth in the agreement are clearly for the benefit of the land and the use and enjoyment by the landowners as benefited by the agreement. Such a covenant is one running with the land.

> "In order that a covenant may run with the land, it must respect the thing demised, and the act covenanted to be done or omitted must concern the land or the estate conveyed. There are many cases to the effect that the question whether a covenant will or will not run with the land does not depend so much on whether it is to be performed on the land itself as on whether it tends directly or necessarily to enhance its value or render it more beneficial and convenient to those by whom

it is owned or occupied, and that if this be the case every successive assignee of the land will be entitled to enforce the covenant, * * *." 15 C.J. Covenants § 54, p. 1240.

See also Shaber v. St. Paul Water Co., 30 Minn. 179, 14 N.W. 874 (1883); Gould v. Partridge, 52 App.Div. 40, 64 N.Y.S. 870 (N.Y.1900); Brush v. Lehigh Valley Coal Co., 290 Pa. 322, 138 A. 860 (1927).

That such an agreement could be entered into and enforced was the issue in Payette Lakes Protective Ass'n v. Lake Reservoir Co., 68 Idaho 111, 189 P.2d 1009 (1948), wherein this court said:

> "The parties having reached agreement and entered in to the contract set forth and sued upon, are estopped to deny its general nature and force and effect, and must act in accordance with such agreement and understanding. Saunders v. Robison, 14 Idaho 770, 95 P. 1057. Restrictive agreements of this nature are legal." 68 Idaho at 121, 189 P.2d at 1014.

To enforce these rights, it is said in 21 C.J.S. Covenants § 82:

> "Where a covenant runs with the land, the owner of the land at the time of its breach, whether an immediate or remote grantee or assignee, may maintain an action for its breach in his own name against any or all of the covenantors, although the holder of a real cove-

nant can have but one satisfaction for its breach."

■ As to the property owners herein, the agreement is valid and binding upon the District. The trial court was correct in finding that this was a class action, the effect of which would be enforceable against or on behalf of those having similar rights. I.R.C.P. 23(a).

Bearing upon their contention that the District wastes irrigation water, appellants assert that the trial court erred in finding that water seepage in the District's laterals and ditches was within normal limits.

■ There is conflicting evidence relating to loss of water during transportation by virtue of the District's operation and maintenance of its laterals and ditches. The trial court was required to make a finding on this issue of alleged excessive waste and such finding that the seepage was within normal limits is supported by competent though conflicting evidence.

"This Court has repeatedly held that where conflicting evidence is submitted to a trial court sitting without a jury, either as a court of law or as a court of equity, the findings of the court on questions of fact will not be disturbed, where there is competent evidence to support them." Checketts v. Thompson, 65 Idaho 715, 718, 152 P.2d 585, 586 (1944).

■ The trial court made a finding that the elevation of the water in the lakes could be raised without causing damage to the property of the adjoining owners. Raising the water level would be contrary to the agreement. Interference with the level of the lakes must not result in actual damage to the property owners. The effect of any alteration of the high water level may be presented to the trial court for its consideration.

■ Appellants seek to establish a minimum water level for the lakes. The agreement provided for a level of one foot above the extreme low water mark of the lower lake as it existed in the fall of 1905. There is no evidence in the record establishing a fixed mark or point for this low level. There was some evidence in this particular as to what one person recalled having seen as a small boy. That evidence, however, is so tenuous that it would not be supportive of a finding. That such a low level was contemplated by the parties to the agreement is expressly stated in the agreement. A low water level must be established by the trial court in light of the agreement. It appears that conflict in the premises between members of the District and those represented by the Association has existed since 1930. The trial court in its attempt to resolve these problems sought to provide a solution. Continuing jurisdiction of the trial court will provide further opportunity to effectuate a resolution of the differences.

The judgment is reversed and the cause remanded for further proceedings consonant herewith.

Costs to appellants.

McFADDEN, TAYLOR and SMITH, JJ., and FELTON, D. J., concur.