922

478 P.2d 872

**TWIN LAKES IMPROVEMENT ASSOCIA-
TION, INC., an Idaho corporation, Thom-
as E. Gunning and Marvel C. Young, each
on behalf of himself and all others sim-
ilarly situated, Plaintiffs-Respondents,**

v.

**EAST GREENACRES IRRIGATION DIS-
TRICT, Defendant-Appellant.**

**No. 10516.**

Supreme Court of Idaho.

Dec. 21, 1970.

Thomas A. Mitchell, Coeur d'Alene, for
defendant-appellant.

Wilson & Walter, Bonners Ferry, for
plaintiffs-respondents.

SHEPARD, Justice.

This case has once before been in court,.
Twin Lakes Improvement Association v.
East Greenacres Irrigation District, 90
Idaho 281, 409 P.2d 390 (1965), and the
facts surrounding the cause are amply set
forth therein. It is sufficient to say herein
that in 1906 the predecessors in interest of
the appellant Irrigation District entered
into an agreement with the respondent Im-
provement Association and their predeces-
sors in interest, which agreement sought to
stabilize the water level in what is now
known as Twin Lakes.

The original action was commenced by
the Improvement Association, contending
that the Irrigation District was not putting
the water to beneficial use and was per-
mitting excessive waste of the water which
the Irrigation District draws from lower
Twin Lakes. The Improvement District
(plaintiff in the original action) sought to
have the water level of the Twin Lakes.
stabilized.

The trial court in the original action
found that the Irrigation District was not
bound by the said 1906 agreement and by
its judgment permitted the Irrigation Dis-
trict to raise the water level of the lakes
above the level set by the 1906 agreement.
The Improvement Association appealed
from that judgment. This Court upon ap-
peal affirmed the finding of the District
Court that the Irrigation District was not
wasting water, but reversed the judgment
of the District Court wherein it found that
the Irrigation District was not bound by
the 1906 agreement.

The opinion stated that the 1906 agree-
ment was binding on the Irrigation District
and required the maintenance of a mini-
mum water level in the lakes not lower
than one foot above the extreme low water
mark in the lower lake in the fall of 1905.
The opinion on the original appeal stated :.

"There is no evidence in the record es-
tablishing a fixed mark or point for this.

low level. * * * That such a low level was contemplated by the parties to the agreement is expressly stated in the agreement. A low water level must be established by the trial court in light of the agreement. It appears that conflict in the premises between members of the District and those represented by the Association has existed since 1930. The trial court in its attempt to resolve these problems sought to provide a solution. Continuing jurisdiction of the trial court will provide further opportunity to effectuate a resolution of the differences.

"The judgment is reversed and the cause remanded for further proceedings consonant herewith."

Upon remand, additional evidence was adduced and the trial court found that the low water mark in question was to be the equivalent of a reading of 6.4 feet on the staff gauge located on the dam of the lower lake.

The Irrigation District appeals from that decision and contends that the low water mark was incorrectly determined by the trial court. The Irrigation District further argues that said low water mark is irrelevant in any event because it had acquired a prescriptive right to the use of the water.

Testimony introduced by the Irrigation District indicated that when the staff gauge read 5.34 inches, there was 26 inches or more of water in the connecting channel between the two lakes. It should be noted that a part of the 1906 covenant agreement required the maintenance of the channel between the two lakes at a width of 20 feet and a minimum depth of 2 feet. The Irrigation District therefore argues that, since a similar depth was maintained at 26 inches or more when the staff gauge read 5.34, the water level may be maintained well below the 6.4 foot level.

The record however also contains ample evidence to the effect that a large rock in the upper lake never appeared above the surface of the water prior to 1920 and that during the critical years in question here that the rock was about one foot below the surface of the water. A survey by a professional engineer established that the top elevation of this rock was at a height equivalent to a reading of 5.94 feet on the staff gauge. There was and is a distinct flow between the upper and lower lakes and a difference in elevation between the water surface of the upper and lower lake, and taking said difference in elevation into consideration, the trial court believed that 6.4 feet on the staff gauge was the proper low water level mark. There was also evidence that the high water level was a reading of 10.4 feet on the staff gauge and that the variation in water level prior to 1920 was approximately 3 to 4 feet. Again, the trial court believed that such evidence would yield a low water mark of at least 6.4 feet on the staff gauge.

There is, therefore, substantial and competent, although conflicting evidence to support the findings of the trial court, and this Court has repeatedly stated that in such circumstances the findings of a trial court sitting without a jury will not be disturbed. Clayton v. Jones, 91 Idaho 87, 416 P.2d 34 (1966); Olsen v. Hawkins, 90 Idaho 28, 408 P.2d 462 (1965).

The Irrigation District also argues that in any event it had acquired a prescriptive right to the use of the water to a depth of 2.7 feet on the staff gauge. We note that such argument was considered by the Court on the original appeal in this matter and impliedly rejected, since the remand on that original appeal was for the sole purpose of requiring the trial court to establish the low water level. In the opening proceeding upon the remand, the trial court stated:

"The Court: So we are all aware of what we are here for, it is my understanding that the only real issue that the court has before it at this time is the establishment of a low water mark, is that generally your understanding?

"Mr. Mitchell: *This is the understanding of the defendant* [Irrigation District], your Honor, since the Supreme Court for the first time found we were bound

by the 1906 agreement and in light of the 1906 agreement and this being our view and being bound by it, we wouldn't question it * * *." [Emphasis added]

It is clear that the Irrigation District seeks to raise herein an issue which was not contemplated by this Court as a matter to be adjudicated upon the remand, and further, the issue was one which the trial court and defendant-appellant [Irrigation District] did not believe was under consideration at the remand hearing.

The judgment of the District Court is affirmed. Costs to respondents.

McFADDEN, C. J., McQUADE and DONALDSON, JJ., and FELTON, District Judge, concur.