511 P.2d 285

John **HOLLANDSWORTH**, Plaintiff-Appellant,

v.

**COTTONWOOD ELEVATOR COMPANY**, a corporation, Defendant-Respondent.

No. 11033.

Supreme Court of Idaho.

June 29, 1973.

---

John H. Bengston, Randall & Bengston, Lewiston, for plaintiff-appellant.

Reed Clements, Clements & Clements, Lewiston, for defendant-respondent.

McQUADE, Justice.

Appellant John Hollandsworth instituted this action to recover damages from respondent for the death of 54 head of heifers owned by appellant and damages resulting from the loss of weight of about 100 pounds each with respect to another 68 head of appellant's heifers.

On September 1, 1969, the cattle in question were trucked from their summer range to his feed lot in Idaho County by appellant. Appellant initially put the cattle on a diet of hay and pea screenings (about four pounds per day of pea screenings and

all the hay the animal could eat). The pea screenings were increased daily so that by September 6, 1969, the animals were each consuming about eight or nine pounds of pea screenings daily. On September 6, 1969, appellant began feeding the cattle a one-half oats and one-half barley mixture, which had been crushed by respondent. Appellant started feeding the cattle three to four pounds of this mixture per head a day, and the amount was then increased by one or two pounds a day until by the 15th of September consumption per head was up to ten to twelve pounds.

On September 14, 1969, a potential buyer looked at the cattle and claimed he saw no signs of sickness. Appellant also saw no signs of sickness and concluded that due to left over grain and cattle lying on the ground, the animals were on "full feed." On September 15, 1969, appellant ordered another batch of 50–50 barley-oats mixture from respondent. A mixture was then delivered by respondent and put in appellant's self-feeder. Within eighteen hours after the cattle began consuming the new feed in the self-feeder, the cattle sickened. 54 head of livestock died and 68 head lost an average of 100 pounds apiece although they had received treatment from two veterinarians.

At the trial appellant comtended that the feed mixture delivered by respondent was not of the description ordered, but contained substantial quantities of whole grains and considerably more barley than oats. Appellant alleged that this feed mixture, rather than excessive feeding, caused the sickness and death of the cattle. The trial court granted judgment to respondent and found: (1) that there was no imbalance in the grain ratio in the feed mixture delivered on September 15, 1969; (2) that the feed mixture was not improperly proc-

essed; and (3) that appellant's loss was occasioned by the fact that appellant commenced feeding his livestock an unlimited quantity of a grain feed mixture prior to the time the animals could physically handle it.

Appellant lists eleven assignments of error. The findings of fact assigned as error relate to the feed mixture, adequacy of the self-feeder, program of feeding, manifestation of sickness, and imbalance of the grain ratio of oats to barley. The conclusions of law holding that respondent was not negligent and that appellant caused his own loss due to utilization of accelerated feeding are also alleged to be error. Appellant's objections to two hypothetical questions, one to witness Dyer and one to witness Heinemann, were overruled and this is claimed to be error. Appellant alleges that these questions left out certain material facts. Finally, appellant alleges that the district court erred in denying his motion for a new trial.

■ The general rule applicable to this case is that findings of fact made by the trial court, which are supported by substantial and competent, though conflicting evidence, will not be disturbed on appeal.[1] Where findings of fact are clearly against the weight of the evidence, however, they can be set aside on appeal.[2] The credibility of witnesses and weight to be given their testimony is exclusively within the province of the trial judge.[3] Both appellant and respondent review at length the extensive testimony in this case.

■■ The findings of fact are supported by substantial and competent evidence. This Court has reviewed the evidence in this case and finds it adequate to support the judgment of the district court. A long and detailed analysis of this evidence, some of which is conflicting, is not necessary.

1. Ripatti v. Ripatti, 94 Idaho 581, 494 P. 2d 1025 (1972); Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972); Wood v. Sadler, 93 Idaho 552, 468 P.2d 42 (1970).

2. *See* Nutterville v. McLam, 84 Idaho 36, 367 P.2d 576 (1961); Brett v. Dooley, 80 Idaho 237, 327 P.2d 355 (1958).

3. Church v. Roemer, 94 Idaho 782, 498 P. 2d 1255 (1972); Huppert v. Wolford, 91 Idaho 249, 420 P.2d 11 (1966).

An example of such conflicting evidence is the testimony relating to the proportion of grains in the second feed mixture. Much of the discussion by both appellant and respondent on appeal relates to this testimony. Appellant claims that it was clearly erroneous to find that the feed mixture was a proper one since an examination by Mrs. R. J. Wyllie, a feed microscopist for the Idaho State Department of Agriculture, found some 67% barley (not an exact 50–50 mixture). It is alleged that a feed mixture containing this high of a percentage of barley could produce a greater amount of lactic acid than the animals could cope with. Respondent notes, however, that this examination was only of a small sample sent by Dr. Eldridge, one of the veterinarians treating the sick cattle, and that other examinations of the grain mixture in question were made. A Dr. Maguire, after examining samples of the grain mixture in question, concluded that the oat-barley mixture was approximately fifty-fifty. In view of the entire evdence, this Court concludes that the findings of fact relating to the grain mixture are supported by substantial and competent, though conflicting evidence. If a finding of fact is not clearly erroneous, it will not be set aside on appeal.[4]

■ Appellant claims that the trial court erred in its Conclusions of Law I and II relating to who was negligent and whose actions proximately caused the loss sustained by the appellant. A determination of what proximately caused the damage in this case would depend upon the interpretation of the facts adduced from the evidence. It is well established that the trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inference and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record.[5] Based on the findings of fact, the trial court did not err in making Conclusions of Law I and II.

■ Appellant alleges that the trial court erred in overruling appellant's objections to certain hypothetical questions propounded by respondent to witnesses Heinemann and Dyer. Appellant alleges that the questions did not fairly present the facts; in particular, that Mrs. Wyllie's analysis of the feed mixture revealed that it contained approximately two times as much barley as oats. As already noted, the ratio of the feed mixture was not an established fact since there was conflicting testimony concerning the percentages of grain present. A hypothetical question should not be rejected because it does not include all of the facts, unless it thereby fails to present the facts fairly.[6] This Court finds no unfairness in the hypothetical questions here at issue. The ultimate test of a hypothetical question is its fairness.[7]

■ Appellant's final assignment of error alleges that the district court erred in denying appellant's motion for a new trial. Granting or denying a motion for a new trial rests largely within the discretion of the trial court.[8] This record fails to disclose any abuse of discretion by the trial court in denying appellant's motion for a new trial.

Judgment affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McFADDEN, and BAKES, JJ., concur.

4. *See* I.R.C.P. 52(a).

5. Boise Junior College District v. Mattefs Const. Co., 92 Idaho 757, 450 P.2d 604 (1969); Meridian Bowling Lanes, Inc. v. Brown, 90 Idaho 403, 412 P.2d 586 (1966).

6. Cochran v. Gritman, 34 Idaho 654, 203 P. 289 (1921); Willis v. Western Hospital Ass'n, 67 Idaho 435, 182 P.2d 950 (1947); Hancock v. Halliday, 70 Idaho 446, 220 P.2d 384 (1950).

7. Hancock v. Halliday, *supra*, note 6, 70 Idaho at 450, 220 P.2d 384; *see also* Willis v. Western Hospital Ass'n, *supra*, note 6, 67 Idaho at 446, 182 P.2d 950.

8. *See* I.R.C.P. 59(a).