527 P.2d 781

Richard A. MAY and Arthur Paz,
Plaintiffs-Appellants,

v.

TRIANGLE OIL CO., INC., a Foreign cor-
poration and D. J. Allred, Defend-
ants-Respondents.

No. 11312.

Supreme Court of Idaho.

Oct. 21, 1974.

Robert C. Huntley, Jr., Racine, Huntley & Olson, Pocatello, for plaintiffs-appellants.

Clark Gasser, Terrell, Green, Service & Gasser, Pocatello, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from a judgment in favor of defendants and against plaintiffs in an action upon a note. We reverse.

Plaintiffs-Appellants May and Paz brought this action for a balance due on a promissory note together with interest thereon and attorney fees. The note was executed and delivered to plaintiffs-appellants as part of the consideration paid by defendants-respondents in the purchase of a business establishment, in Pocatello, Idaho, known as the Syndicate Bar.

Defendants-respondents answered and counterclaimed admitting in essence all of the above facts but alleging an offset against the plaintiffs. It was alleged that plaintiff-appellant Paz, following the sale of the business, had entered into a partnership with the defendants, had contributed the above mentioned promissory note to the new partnership, had agreed to contribute the additional sum of $3,000.00 to the

partnership and assume the duties of management of the business. Defendants further alleged that thereafter plaintiff-appellant Paz had refused to cancel the said note, but refused to contribute the $3,000.-00 and had further refused to manage the business. It was alleged that such refusal of Paz had resulted in damage to the defendants-respondents in the sum of $7,000.-00.

Following trial the court made Findings of Fact to the effect that the promissory note was not duly nor properly executed by or on behalf of the corporate entity and that no consideration existed for the execution of the note. Such matters were not raised in the pleadings of the parties, are completely without support in the evidence and the respondents are candid in admitting that those Findings are clearly erroneous.

Nevertheless, respondents assert that if the judgment of the trial court can be sustained upon any theory it must be affirmed. Fischer v. Fischer, 92 Idaho 379, 443 P.2d 463 (1968); Berry v. Koehler, 86 Idaho 225, 384 P.2d 484 (1963). Respondents assert that the trial court found in its favor as to the agreement that Paz should become a partner with the respondents, that the consideration for Paz's partnership interest was the transfer of the note to the corporation and Paz's breach of that agreement to become a partner. Such Findings were indeed made by the court.

Appellant on the other hand asserts that even if the court's stated findings are partially supported by the record nevertheless they do not provide a basis on which the court could have denied relief to the plaintiffs. Appellants assert that even if such agreement to enter into a partnership by Paz did exist it was nevertheless stated orally, was withdrawn by Paz within a matter of hours and that no damages were proved which resulted from such withdrawal and breach. Appellant further asserts that the only evidence before the trial court was that the partnership between May and Paz terminated at the time of the

sale of the business to respondents. Appellants also assert that the evidence discloses absolutely no authority, actual, apparent or implied in Paz to act for May in the alleged contribution of the note to the partnership.

█ We review the facts surrounding the alleged partnership agreement from the standpoint most favorable to the respondents. Clayton v. Jones, 91 Idaho 87, 416 P.2d 34 (1966); Huggins v. Green Top Dairy Farms, 75 Idaho 436, 273 P.2d 399 (1954). The sale of the business and the execution of the note by respondents in favor of appellants took place on March 16, 1971. Defendants' testimony, which at this juncture must be assumed to be correct, Planting v. Board of County Commissioners of Ada County, 95 Idaho 484, 511 P.2d 301 (1973); Hollandsworth v. Cottonwood Elevator Company, 95 Idaho 468, 511 P.2d 285 (1973), is to the effect that on June 1, 1971, a meeting took place between Paz and Allred. Out of that meeting came an oral agreement between Allred and Paz that Paz would re-enter the business as a third partner. Paz's contribution to the new partnership would be $7,000, being represented by cancellation of a note given on the original purchase, and an additional contribution of approximately $3,000. It is asserted that Mr. Paz was to assume management and control of the operation for a salary with the hopes that the business could be built up for eventual re-sale. Following that meeting, Paz went to the Syndicate Bar and left with the night's proceeds. During the early morning hours of the next day Paz called Allred to rescind the agreement.

█ Assuming all of the above stated facts, nevertheless it is clear that the trial court committed error in its findings, conclusions and judgment. First we point out that there is no evidence that Paz had any authority from May to cancel the indebtedness represented by the note or to transfer such note to the new alleged partnership. The only testimony in this regard came from May who stated categorically that the

partnership between him and Paz was terminated at the time of the sale of the Syndicate Bar to the respondents and the only continuing relationship between him and Paz was as joint payees of the said note.

I.C. § 28-3-116 provides in pertinent part:

"Instruments payable to two or more persons. An instrument payable to the order of two (2) or more persons . . . (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

We deem it clear that absent any authority from May to Paz, Paz could in no event discharge the note or contribute it to the alleged new partnership.

Resolution of the contention of the appellant that at most there existed a partnership at will is unnecessary since the record in any event discloses no proof of damages.

■ The most that can be said was that following said meeting between Paz and Allred and at approximately midnight, Allred fired his then manager. However, the following day after receiving Paz's rescission of the alleged partnership agreement, Allred immediately rehired his manager. No monetary amount was fixed by Allred or any other person as damage resulting from those actions. Allred further testified that in one of the later summer months the business sustained a loss of $4,000. However, there was no evidence or testimony in any way relating that business loss to the breach of the alleged partnership agreement by Paz.

■ Hence, we find no support in the record for the Findings or Conclusions of the trial court of damage resulting from the breach of the alleged partnership agreement between Paz (and May) and the respondents in the amount of $7,000 or any other amount. In its affirmative defense respondents asserted that appellants were estopped to bring action on the note. Such theory earns no support in the evidence.

Even if as asserted by respondents certain elements of an estoppel might exist, nevertheless we deem it clear that unless respondents changed their position in reliance upon the promises of Paz and damage resulted therefrom, there can be no recovery. Moen v. Minzel, 79 Idaho 228, 313 P.2d 1079 (1957). If there were a change in position by the respondents it was only for a matter of hours, appears to have been remedied, and in any event there is no showing of any damages in any amount resulting therefrom.

The judgment of the trial court is reversed and remanded with instructions that the trial court shall enter judgment for the plaintiffs in the face amount of the note, minus stipulated offset in the amount of $182.70, together with interest thereon and attorney fees. The trial court is directed to set the attorney fees due plaintiffs, both at trial and on appeal, and is authorized to take further testimony therefor if deemed necessary. Costs to appellants.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.